# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL R. TURNER,

    Petitioner,      Case No. 2:07-cv-595

           District Judge Michael R. Barrett
-vs-      Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

    Respondent.

## ENTRY MEMORIALIZING RESULTS OF STATUS CONFERENCE AND SETTING FURTHER PARAMETERS FOR EVIDENTIARY HEARING

This capital habeas corpus case came on for status conference by telephone on December 11, 2009. David Stebbins and Sharon Hicks participated on behalf of Petitioner; Thomas Madden and Stephen Maher participated on behalf of Respondent.

Regarding Petitioner's Memorandum re Brandie Fox and Adam Turner, in lieu of any perpetuation deposition, their testimony will be taken live in open court on December 28, 2009, at 9:30 A.M. On oral motion of the Petitioner, a writ of habeas corpus ad testificandum will issue for the Petitioner's appearance at the hearing.

Petitioner's Motion for Perpetuation Depositions of Edward Turner, Paula Cox and Larry Hancock (Doc. No. 98) is granted provided that they shall be video recorded and provided Petitioner's counsel is unable to persuade them to attend the evidentiary hearing in Ohio, the Court recognizing that they are beyond its subpoena power. The Court reiterates, however, its strong preference that they appear live.

The case is also before the Court on the parties' responses to questions the Court posed regarding testimony from state appellate counsel, Messrs. Barstow and Edwards (Doc. Nos. 94, 96).

Respondent has clarified his prior claim that a portion of Claim 13 is unexhausted by noting that there are no state procedural avenues available to litigate that claim. That being so, the claim is not "unexhausted." Respondent now asserts the claim is procedurally defaulted. The Sixth Circuit has discussed the interpenetration of these doctrines:

> As is well-established (although sometimes muddled by courts), two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements, sufficient evidence, or the like.
>
> The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, see 28 U.S.C. § 2254(b)(1)(A), (c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. O'Sullivan, 526 U.S. at 844. Often, federal courts will rule that a petitioner's claim is "defaulted" because the petitioner failed to exhaust his remedies and the time for refiling an appeal in the state court has passed. The unexhausted claim is then classified as "procedurally defaulted" and deemed forfeited absent a showing of cause and prejudice. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000). . . .
>
> But exhaustion and procedural default are distinguishable in an important sense. A defendant could fail to exhaust a claim without procedurally defaulting if he could return to the state courts to exhaust. Alternatively, as in this case, the defendant could fail to exhaust without defaulting if a clarification in procedural law indicates that he has already taken the necessary action to exhaust. That is, forfeiture by

> failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir., 2004).

If Claim 13 were unexhausted in the sense that there was still an available procedural method for presenting it to the state courts, then this Court would be prevented from proceeding until exhaustion had occurred. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). The Claim having been exhausted, there is no impediment to this Court's deciding the Claim, including deciding Respondent's procedural default defense to the Claim.

Having reviewed Petitioner's Memorandum on the Relevance of Testimony of Appellate Counsel, the Court finds that both Mr. Edwards and Mr. Barstow may be called to testify at the evidentiary hearing.

The evidentiary hearing will commence with the testimony of Adam Turner and Brandie Fox on December 28, 2009. Counsel will promptly consult with one another and with Judicial Assistant Kelly Kopf to determine appropriate dates for completing the hearing.

December 11, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge