UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Turner,

        Petitioner,

                v.                        Case No.  2:07-cv-595

Stuart Hudson, Warden                Judge Michael R. Barrett

        Respondent.

**ORDER**

Before the Court is Petitioner Michael R. Turner's Objections to Magistrate's Scheduling Order Requiring Submission of Motion for Certificate of Appealability (Doc. 139).  Petitioner objects to the Magistrate Judge's Order which required pre-judgment briefing on the grounds for relief which Petitioner intended to appeal if this Court adopted the Magistrate Judge's Report and Recommendation.

For the reasons that follow, Petitioner's objections are OVERRULED.

**ANALYSIS**

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts was amended in December, 2009.  Amended Rule 11(a) now reads:

> The district court must issue or deny a certificate of appealability
> when it enters a final order adverse to the applicant.  Before
> entering the final order, the court may direct the parties to submit
> arguments on whether a certificate should issue.  If the court
> issues a certificate,  the court must state the specific issue or
> issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).
> If the court denies a certificate, the parties may not appeal the
> denial but may seek a certificate from the court of appeals under
> Federal Rule of Appellate Procedure 22.  A motion to reconsider a
> denial does not extend the time to appeal.

1

Further, the advisory committee notes to the 2009 amendments provide that:

New Rule 11(a) makes the requirements concerning COAs more prominent by adding and consolidating them in the appropriate rule of the Rules Governing § 2254 Cases in the United States District Courts.  Rule 11(a) also requires the district judge to grant or deny the certificate at the time a final order is issued.  *See* 3d Cir. R. 22.2, 111.3.  This will ensure prompt decision making when the issues are fresh, rather than postponing consideration of the certificate until after a notice of appeal is filed.  These changes will expedite proceedings, avoid unnecessary remands, and help inform the applicant's decision whether to file a notice of appeal.

In light of the amendment to Rule 11, the Magistrate Judge in this case required that Petitioner file a motion for a certificate of appealability ("COA") on any grounds for relief which Petitioner intends to appeal by the same deadline as Petitioner's objections to the Magistrate Judge's Report and Recommendation (Doc. 138).

Petitioner objected to the Magistrate Judge's order on the COA, and presented two arguments: first, that the Magistrate Judge exceeded his authority by ordering motions on COAs to be filed before the district court issues its merit decision; and, second, that a motion for a COA is premature if filed prior to the district court's decision on the magistrate judge's report and recommendation.

The Court finds Petitioner's arguments to be unpersuasive.

The Magistrate Judge in this case did not exceed his authority by issuing an order related to scheduling.  Under 28 U.S.C. § 636(b)(1)(A), magistrate judges may determine pretrial matters pending before the court.  District courts may also assign magistrate judges duties which are not inconsistent with the Constitution and laws of the United States.  28 U.S.C. § 636(b)(3).  The Magistrate Judge's order in this case set the deadline for the filing of objections to the R & R, as well as any motions for COAs.

The Magistrate Judge's order in no way interfered with this Court's statutory duty.

Further, the Magistrate Judge's scheduling order is consistent with amended Rule 11.  While this Court agrees with Petitioner that briefing on issues related to COAs would appear to be best done following the district court's decision on the merits, Petitioner's objection to the Magistrate Judge's order requiring COA motions prior to the district court's merit decision lacks merit for two reasons.

First, amended Rule 11 explicitly states that the district court <u>must</u> issue or deny a COA when it enters a final order adverse to the applicant.  The plain language of the rule lends itself to only two possibilities.  The district court can either include its ruling on COAs within its decision on the magistrate judge's R & R, or, the district court can issue its merit decision, delay the issuance of the final judgment under Fed. R. Civ. P. 58, request briefing on the COA, issue a subsequent order addressing the merits of the COA briefs, and then enter the final judgment.

The Court believes that the first option is most consistent with amended Rule 11 of the Rules Governing § 2254 Cases, as well as the just and speedy determination of the action under the Federal Rules of Civil Procedure.

The second reason Petitioner's objection lacks merit is that the Rules Governing § 2254 Cases, and the Federal Rules of Appellate Procedure already include safeguards which address Petitioner's concerns as to the ability to properly brief the Court on the appropriateness of COAs.  Rule 11(a) allows the district court, before entering the final order, to direct the parties to submit arguments on whether a certificate should issue.  Rule 11(a) gives district courts the discretion to choose those grounds for relief which it feels necessitate further briefing, and direct the parties to

3

submit arguments on those issues.  In those instances, the district court can follow the

procedure that Petitioner would have us follow in all cases where COA are at issue, and

allow additional briefing between the issuance of the decision and the entering of the

final judgment.  Further, under Federal Rule of Appellate Procedure 22(b), once a COA

is denied by a district judge, a petitioner may request a circuit judge to issue the COA.

Under the COA briefing schedule ordered by the Magistrate Judge in this case,

the parties would submit any briefing on the COAs at the same time as any objections

to the R & R, the district court would issue its order on both the R & R and the COAs,

and would have the discretion to order further arguments as to any COA issues which

this Court feels warrant further briefing.  Then, following the entering of the final

judgment, Petitioner could move for the issuance of a COA from a circuit court judge on

any ground for which this Court may have denied issuance of a COA.

This procedure, while deviating from the past practice of this Court, is consistent

with the letter of amended Rule 11, and allows for full and informed briefing on COA

issues.

For the foregoing reasons Petitioner's objections to the Magistrate Judge's

scheduling order are OVERRULED.  Petitioner must comply with the Magistrate

Judge's order on pre-judgment briefing of COAs (Doc. 138) by August 19, 2011.

**IT IS SO ORDERED.**

 *s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

4