# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MICHAEL R. TURNER,                       :
                                     :
    Petitioner,          :    Case No.  2:07-cv-595
                                     :
  -vs-                            :    District Judge Michael R. Barrett
                                     :    Magistrate Judge Michael R. Merz
STUART HUDSON, Warden,                   :
                                     :
    Respondent.          :

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS;**
**REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY**

---

This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 144) to the Magistrate Judge's Report and Recommendations on the merits (the "Report," Doc. No. 135). The Warden  has filed a Response to the Objections (Doc. No. 148).  The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The case is also before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 149) which the Warden opposes (Doc. No. 150) and as to which Petitioner has filed a Reply in support (Doc. No. 151).  Previously this Magistrate Judge  has considered motions for certificates of appealability in capital cases after the District Judge has ruled on the merits of the petition.  However, that practice has been modified in this and other capital cases to comply with the amendment to Habeas Rule 11, effective December 1, 2009, providing that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

-1-

(See  Order, Doc. No. 138; District Judge Barrett's Order overruling objections Doc. No. 146).

## Standard for Certificate of Appealability

As provided in  28 U.S.C. §2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding.  The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific  issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

The Rule codifies prior practice in the Sixth Circuit.  *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further.  *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-*

-2-

*El v. Cockrell,* 537 U.S. 322, 336 (2003).  If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  The procedural issue should be decided first so as to avoid unnecessary constitutional rulings.  *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring).  The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983).  The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis.  Id.* at 893.

> [O]bviously the petitioner need not show that he should prevail on the merits... .  Rather, he must demonstrate that the issues are debatable among jurists of reason;  that a court could resolve the issues [in a different manner];  or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4.  *Accord, Miller-El v. Cockrell*, 537 U.S. 322 (2003).  A certificate of appealability is not to be issued *pro forma* or as a matter of course.  *Id.* at 1040.  Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.*  A blanket certificate of appealability for all claims is improper, even in a capital case.  *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

## Application of *Cullen v. Pinholster*

The Report in this case was filed April 22, 2011.  About two weeks earlier, the Supreme Court decided *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1400-01(2011).  The Magistrate Judge had already held an evidentiary hearing in this case, based on an understanding of the AEDPA which *Pinholster* rejected.  On this point the Report stated:

> In granting the evidentiary hearing in this case, the Magistrate Judge proceeded on a reading of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which has now been held to be erroneous in *Cullen v. Pinholster*, 563 U.S. ___, 2011 U.S. LEXIS 2616 (Apr. 4, 2011). In the analysis that follows, none of the evidence presented at the evidentiary hearing is relied upon to determine that the state courts' rulings on any federal constitutional claim were contrary to or an unreasonable application of clearly established federal law, a process prohibited by *Cullen*. The Magistrate Judge does not understand *Cullen* to prohibit reliance on such evidence, taken before *Cullen* was decided, for other purposes.

(Report, Doc. No. 135, PageID 3765.)

Petitioner raises four objections to this Court's application of *Pinholster*, each of which is considered in turn.

-4-

***Pinholster* Objection 1:**

Turner first attempts to distinguish *Pinholster* by claiming that he was diligent in attempting to develop facts in state court, but the petitioner in *Pinholster* was not.  The express holding in *Pinholster* precludes that distinction and is as follows:

> [W]e . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Pinholster*, 131 S. Ct. at 1400.  The Supreme Court did not recognize an exception for cases where the petitioner had been diligent in state court.  Petitioner's quotation of the phrase "insufficient effort" from page 1401 of *Pinholster* at PageID 3906 of the Objections is taken completely out of context. They are not part of any distinction drawn by the Supreme Court allowing evidentiary hearings to those habeas petitioners who were diligent in state court.  Instead, they are part of a twenty-six word quotation from the Court's prior decision in *Michael Williams v. Taylor*, 529 U.S. 420 at 427-429 (2000).  Whether or not Turner's efforts to gather or present evidence in state court were diligent, *Pinholster* makes it clear that this Court must make its review under § 2254(d)(1) on the basis of the record before state courts as to any claim those courts decided on the merits.


***Pinholster* Objection 2:**

Turner's second objection to application of *Pinholster* is that the evidence taken in this Court should be considered "because the state courts unreasonably applied clearly established federal law by denying discovery and insufficiently analyzing Turner's constitutional claim under *Strickland*, satisfying § 2254(d)(1)." (Objections, Doc. No. 144, PageID 3908.)  However, no Supreme Court

precedent commands discovery or any particular form of analysis in state post-conviction process.

Turner's argument seems to be that the state courts' adjudication of his ineffective assistance of counsel claims was unreasonable because those courts did not allow gathering and presentation of the necessary evidence of ineffective assistance. He asserts

> a federal habeas petitioner may satisfy the "unreasonableness" inquiry of § 2254(d)(1) by demonstrating that the state court's purported merits adjudication and decision was unreasonable—whether procedurally, substantively, or some combination of both. *See id.*[*Pinholster* at 1399]; *see also Panetti v. Quarterman*, 551 U.S. 930, 948 (2007) (finding a state court's failure to provide proper procedures "an unreasonable application of clearly established Supreme Court law," satisfying §2254(d)).

(Objections, Doc. No. 144, PageID 3909). *Pinholster* at page 1399 does not even begin remotely to suggest that a habeas prisoner can satisfy § 2254(d)(1) by showing that a state court determination on the merits was procedurally unreasonable. In *Panetti*, the Supreme Court held that failure to provide a habeas petitioner with "the procedures mandated by *Ford [v. Wainwright,* 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986)] constituted an unreasonable application of clearly established law as determined by this Court." 551 U.S. at 948. The procedure mandated by *Ford* and found missing in *Panetti* was, in an incompetency to be executed case, "adequate means by which to submit expert psychiatric evidence in response to the evidence that had been solicited by the state court." *Id.* There is no clearly established Supreme Court precedent mandating any particular procedure for the state courts to follow in adjudicating ineffective assistance of counsel claims.

Turner relies heavily on *Massaro v. United States*, 538 U.S. 500 (2003), for the proposition that ineffective assistance claims should be decided on a record developed for that purpose, rather than on a direct appeal record (Objections, Doc. No. 144, PageID 3911). The Magistrate Judge

agrees as a matter of judicial policy and before *Pinholster* routinely granted both discovery and evidentiary hearings on those claims when there were extra-record facts which might be material, e.g., when trial counsel's strategy was in issue. That is one of the reasons an evidentiary hearing was granted in this case. But *Massaro* establishes practice only for ineffective assistance of counsel claims in **federal** prosecutions. The Supreme Court has never suggested that this process is constitutionally mandated.

*Barnes v. Elo*, 231 F.3d 1025 (6th Cir. 2000), and *Moss v. Hoffbauer*, 286 F.3d 851 (6th Cir. 2002), both cited by Petitioner for the necessity of evidentiary hearings ( PageID 3911), are both pre-*Pinholster*.

***Pinholster* Objection 3:**

Petitioner's third objection under *Pinholster*, to wit, that the Report contains references to evidence taken at the evidentiary hearing despite *Pinholster*, is well taken. Those references are inconsistent with the general statement that the Report does not consider any such evidence. Any reliance on such evidence will be reconsidered and eliminated in this Supplemental Report and Recommendations.

***Pinholster* Objection 4:**

Turner's fourth *Pinholster* objection is that the decision should not be read as precluding consideration of evidence introduced in federal habeas for the purpose of overcoming the presumption of correctness of state court findings of fact found in 28 U.S.C. § 2254(e)(1). The

Magistrate Judge agrees. *Pinholster* itself recognizes that evidence introduced at a hearing permitted under 28 U.S.C. § 2254(e)(2) can be considered "where § 2254(d)(1) does not bar federal habeas relief." 131 S. Ct. at 1401. This reading is consistent with the canon of statutory construction which requires that a statute be interpreted "so as not to render one part inoperative," *Colautti v. Franklin*, 439 U.S. 379, 392 (1979), challenge though that is with the AEDPA.

However, it is also clear from *Pinholster* that a petitioner cannot rely on evidence introduced in federal court to show that a state court decision is based on an unreasonable determination of the facts under § 2254(d)(2); that determination must be base solely on consideration of "the evidence presented in the State court proceeding." Thus this Court cannot fully adopt Petitioner's argument that "[w]hen subsidiary findings are disproved under § 2254(e)(1), they "fall away" for purposes of § 2254(d) analysis, thus narrowing the foundation that the state court's decisions and determinations rely upon." Objections, Doc. No. 144, PageID 3917, *citing Lambert v. Blackwell*, 387 F.3d 210 at 235-36 (3rd Cir. 2004); and *Williams v. Beard*, 637 F.3d 195, 204, n.7 (3d Cir. 2011) (holding that a federal court considers only the remaining, unrebutted, factual findings when assessing a state-court decision for reasonableness under § 2254(d)(2)). Both cited opinions are pre-*Pinholster*.

In this portion of the Objections (PageID 3915-3919), Petitioner does not point to any portion of the Report which is inconsistent with this reading of *Pinholster*. The Magistrate Judge will consider below any particularized objections which rely on this reading. See *Howard v. Sec. of HHS,* 932 F.2d 505 (6th Cir. 1991).

## Ground One

In his first ground for relief, Turner contends that his statements to police following his arrest

were neither knowing, intelligent, nor voluntary on account of his intoxication, need for
"medication," and because he was suffering the effects of withdrawal from alcohol and cocaine at
the time of his interrogation. (Petition, Doc. No. 20 at PAGEID 529-533.)  Respondent argued this
claim was both procedurally defaulted and without merit (Return of Writ, Doc. No. 25, at PageID
730-737).  The Report and Recommendations agreed with both of Respondent's arguments (Report
and Recommendations, Doc. No. 135, PageID 3737-3744.)


**Procedural Default Analysis**

Turner objects to the Report's conclusion that this first ground for relief was procedurally
defaulted under Ohio's criminal *res judicata* doctrine.  Acknowledging that the state courts relied
on this doctrine, he argues that (1) their reliance was misplaced and (2) the default is excused by
ineffective assistance of trial counsel and ineffective assistance of appellate counsel (Objections,
Doc. No. 144, PageID 3920-3926).

The record shows that the Franklin County Common Pleas Court adopted the State's *res
judicata* argument as presented (Appendix, Vol. 8 at 377).  The State's argument was merely that
this issue could have been presented on direct appeal but was not.  On appeal, the court held the
evidence outside the record which was presented was not sufficient to defeat the application of *res
judicata*.  *State v. Turner*, No. 04-AP-1143, 2006 WL 391820 at *3, 2006-Ohio-761 at ¶14 (Ohio
App. 10 Dist. Feb. 21, 2006)(unpublished).  Thus it acknowledged that there was evidence outside
the record presented, but held it was not of sufficient quality.

Turner's Objections correctly note as a general matter that a federal habeas court can bypass
a state court *res judicata* conclusion if the State courts have misapplied their own law.  (Objections,

Doc. No. 144, PageID 3925, *citing, inter alia, Hill v. Mitchell,* 400 F.3d 308, 314 (6th Cir. 2005), and

*Greer v. Mitchell*, 264 F.3d 663, 673 (6th Cir. 2001)).  However, Turner has failed to demonstrate,

or even attempt to demonstrate, how the Ohio courts' *res judicata* analysis was a misapplication in

this case.

Even if the Ohio courts' misapplied Ohio *res judicata* doctrine, Ground One is still

procedurally defaulted because Turner has not shown excusing cause and prejudice.  Assuming

*arguendo* that it was deficient performance to fail to move to suppress his post-arrest admissions to

the police, he can show no prejudice because the statements were not admitted in evidence against

him.  Faced with overwhelming evidence of guilt and advised by experienced capital counsel, he

pled guilty.

**Merits Analysis:**

For the same reason that he cannot show excusing prejudice, Turner also cannot demonstrate

any merit in this claim.

It is therefore again respectfully recommended that the first ground for relief be dismissed

with prejudice as procedurally defaulted and without merit.  Reasonable jurists would not disagree

with this conclusion and the Court should therefore deny a certificate of appealability.

**Ground Two**

In his second ground for relief, Turner contends his repeated requests for counsel during his

interrogation by the Reynoldsburg police officers were ignored in violation of his federal

-10-

constitutional rights. (Petition, Doc. No. 20 at PageID  534-38.)  Respondent argued the claim is both procedurally defaulted and meritless. (Return of Writ, Doc. No.25 at PageID 738-44.)

The Report agrees with the procedural default analysis, expressly finding that this claim was based on facts of record and therefore could have been presented on direct appeal. (Report, Doc. No. 135, PageID 3746.)  The Report also concludes Ground Two is without merit on the same basis as Ground One.

Turner objects to both the procedural default and merits analysis (Objections, Doc. No. 144, PageID 3931-3940).  Having reviewed those objections, the Magistrate Judge concludes they do not require additional analysis beyond what is given in the Report.  Because reasonable jurists would not disagree with the Report's conclusions, Turner should be denied a certificate of appealability on this second ground for relief.

## Grounds Three and Four

Turner's third and fourth grounds for relief read as pled:

    3.    The trial court's failure to obtain a proper jury waiver and to conduct a proper guilty plea colloquy deprived Turner of due process of law in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

    4.    Michael Turner's jury waiver was not knowing, voluntary and intelligent and violated the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

(Petition, Doc. No. 20.)

The Report analyzed these two Grounds for Relief together (Report, Doc. No. 135, PageID 3748-3755). The state courts considered the jury waiver claim on the merits.  The Magistrate Judge

therefore considered this claim under § 2254(d)(1) and concluded that the state courts' decision was not an objectively unreasonable application of clearly established federal law. (Report, Doc. No. 135, PageID 3751). When the claim was raised anew in post-conviction, the state courts rejected it procedurally on *res judicata* grounds and the Report concluded this was appropriate. *Id.* at 3752.

As to the guilty plea colloquy, Turner's claim was that the plea was invalid because he was not informed that a single juror could prevent a capital sentence (Traverse, Doc. No. 32, PageID 974). The Report concluded that the state court decision rejecting this claim was not objectively unreasonable. (Report, Doc. No. 135, PageID 3755.)

Turner objects that the written waivers were "vague" and the colloquys on both the jury waiver and guilty plea were "inadequate." (Objections, Doc. No. 144, PageID 3942.) While the Objections speak at length of the importance of the jury trial right in capital cases, Turner does not cite to any United States Supreme Court precedent to the effect that the jury waiver in this case was constitutionally insufficient (See Objections, Doc. No. 135, PageID 3941-3945) or that the guilty plea colloquy was inadequate. *Id.* at PageID 3945-3952).

Turner's Fourth Ground for Relief asserts his jury waiver was not knowing, intelligent, and voluntary, but also repeats the claim that the colloquy was insufficient. No further analysis is needed on this Ground for Relief beyond what is given in the Report.

The circumstances of both jury waiver and guilty plea in a capital case are sufficiently unusual and the case law therefore relatively sparse that the Magistrate Judge recommends granting a certificate of appealability on these two grounds for relief.

**Ground Five**

-12-

In his fifth ground for relief, Turner contends that the trial court failed to examine witnesses and hear evidence before making a determination as to his guilt in violation of Ohio R. Crim. Proc. 11 and Ohio Rev. Code § 2945.06. (Petition, Doc. No. 20 at PAGEID 548-9.)  Respondent asserted that this was purely a matter of state law and Turner replied that Ohio's violation of its own rules of criminal procedure deprived him of due process (Return of Writ, Doc. No. 25, PageID 764-72; Traverse, Doc. No. 32, PageID 994-97.)  Because the State did not plead a procedural default defense, however, the Report reaches the merits.  On the merits, however, the Magistrate Judge concluded "Turner has not stated a claim cognizable in habeas corpus. . . ." (Report, Doc. No. 135, PageID 3761).

Upon review of the Objections, the Magistrate Judge does not believe this Ground for Relief requires further analysis.  No certificate of appealability should be issued on this claim.


## Ground Six


In his sixth ground for relief, Turner claims he was denied effective assistance of counsel at the guilt phase of his trial court proceedings in four respects: (1) failure to move to suppress post-arrest statements to the police on intoxication/involuntariness grounds; (2) failure to move to suppress post-arrest statements to the police on failure to provide counsel grounds; (3) failure to ensure Turner could withdraw his guilty plea if a death sentence was imposed; and (4) failure to inform Turner of the consequences of the jury waiver (Petition, Doc. No. 20 at PAGEID 74).

As to the first two of these sub-claims, the Magistrate Judge concluded Turner had not shown prejudice as required by the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), and

the state courts' decision to that effect was neither contrary to nor an objectively unreasonable application of federal law (Report, Doc. No. 135, PageID 3767).

In his Objections, Turner relies on his affidavit in post-conviction, but the quotation refers to the jury trial waiver, not failure to file a motion to suppress. No factual support is offered to show prejudice and in fact, as emphasized many times, the evidence of guilt was literally overwhelming.[1] The State did not need Turner's post-arrest admissions to police to convict him; their suppression would not have significantly damaged their case.

In objection, Turner argues "[a]ny prosecution of aggravated murder, regardless of the strength of the remaining evidence, is infinitely strengthened if the state has inculpatory statements from the defendant." (Objections, Doc. No. 144, PageID 3979.) Of course, the 911 dispatcher had already recorded inculpatory statements by Turner before the police arrived. The Court must weigh the actual evidence in this case, not conclusory allegations about what present counsel says any competent death penalty attorney would do.

In considering the objections on these two sub-claims, the Magistrate Judge has not relied on any evidence from the evidentiary hearing.

Turner's next claim is that counsel provided constitutionally ineffective assistance of counsel by not ensuring Turner had the right to withdraw his guilty plea if a death verdict was returned. The Magistrate Judge rejected Respondent procedural default defense to this claim (Report, Doc. No. 135, PageID 3768-3770). On the merits, the Magistrate Judge found that the record made in post-conviction did not support the existence of a practice in Franklin County to permit withdrawal of

---

[1] In the many capital habeas cases this Court has heard, this is the only one where the dying pleas of the victim were recorded by the 911 dispatcher and would have been available for a jury to hear.

a guilty plea in a capital case if death was imposed. Ohio law on its face does not support such a practice and there is no proof that trial counsel could have negotiated such an agreement. The Magistrate Judge also found that the evidence submitted on that point in the habeas evidentiary hearing did not support the existence of such a practice (Report, Doc. No. 135, PageID 3772). Because the state courts did not decide this claim on the merits, *Pinholster* does not preclude considering that evidence.

In the Objections, Turner again asserts that it was standard practice in Franklin County, Ohio, in 2002, to permit a withdrawal of the jury trial waiver and guilty plea if a death sentence was imposed. While the evidence presented on this point in post-conviction was competent, it was not conclusive proof that such a practice existed in Franklin County and certainly not any proof that such a condition would have been accepted by the prosecutors in this case. This sub-claim should be denied on the merits, but Turner should be allowed a certificate of appealability if the District Court dismisses it.

Turner's next sub-claim of ineffective assistance of trial counsel is that his counsel did not ensure that Turner was fully informed of the consequences of his jury waiver. The state courts decided this claim on the merits, concluding that Turner's self-serving affidavit in post-conviction did not establish that his jury trial waiver was not knowing, intelligent, and voluntary. The Objections do not require modification of this conclusion, but Turner should be allowed a certificate of appealability if the District Court dismisses this claim.

**Ground Seven**

In his seventh ground for relief, Turner asserts his convictions on the death penalty specifications attached to each count of aggravated murder were not supported by sufficient evidence. (Petition, Doc. No. 32 at PageID 575-78.)  The Magistrate Judge concluded this ground with its three sub-claims was decided on the merits by the state courts and thus preserved for habeas merits review, but that the state courts' decision was not objectively unreasonable (Report, Doc. No. 135, PageID 3777-3782).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006).

**First sub-claim: Jennifer's "testimony"**

The first sub-claim here is that there was insufficient evidence to support the guilty finding on the specification that Jennifer was killed to prevent her testimony against Turner or in retaliation for past testimony. The Ohio Supreme Court on direct appeal found that the facts supporting this

-16-

specification were to be found in a statement of facts (State's Exhibit 8) to which the defense stipulated with exceptions which are not material to this claim. *State v. Turner*, 105 Ohio St. 3d 331, ¶ 36 (2005). The court concluded that there was no live testimony because a stipulation is "a substitute for evidence, in that it does away with the need for evidence." *Id.* ¶ 40, *citing* 9 Wigmore, Evidence (Chadbourn Rev.1981) 821, Section 2588. Turner does not object to this conclusion – that a stipulation can substitute for live evidence – for *Jackson v. Virginia* purposes.

Turner denies that there were sufficient facts from which the required elements of the specification under Ohio law could be found. Before the Ohio Supreme Court, Turner claimed there was no evidence that Jennifer Turner had ever given "testimony" against Michael Turner. The Ohio Supreme Court, however, found that it had in the past interpreted the testimony element as including the filing of a criminal complaint. *Id.* at ¶ 54. The stipulation showed that Jennifer had filed criminal complaints against Turner in March, April, and May, 2001. *Id.* at ¶ 55.

In the Report the Magistrate Judge accepted, as he was bound to do, the Ohio Supreme Court's interpretation of "testimony" in the relevant statute. Under *Winship* and *Jackson, supra,* it is for the States to decide what constitute the elements of crimes and then the Fourteenth Amendment requires those elements be proved beyond a reasonable doubt. The definition of testimony referred to by the Ohio Supreme Court in this case was not adopted for this case, but had been handed down in a prior capital case, *State v. Filiaggi*, 86 Ohio St.3d 230, 248 (1999). The Report concluded that finding the existence of this element was not contrary to or an unreasonable application of *Jackson*. (Report, Doc. No. 135, PageID 3779.)

Turner's objection is "[w]ords in a statute are to be given their plain and ordinary meaning unless it is otherwise clearly indicated. *Crane v. Commr. of Internal Revenue*, 331 U.S. 1, 6 (1947),"

(Objections, Doc. No. 144, PageID 3998).  *Crane* is a straight statutory interpretation case dealing with § 111(a) of the Internal Revenue Code of 1938.  It in no way suggests there is a constitutional mandate on the States to interpret their own statutes in accordance with that maxim.

Moreover under Ohio law a criminal complaint must be sworn to by the complainant.  Ohio R. Crim. P. 3.  A complaint must be under oath if it is to support issuance of an arrest warrant. *Gerstein v. Pugh,* 420 U.S. 103 (1975).  Thus there is nothing esoteric in the Ohio Supreme Court's determination that filing a criminal complaint constitutes giving testimony.  Of course there was ample evidence that Turner's killing of Jennifer was motivated by her filing the complaints: he told at least two people he intended to kill her for taking him to court for harassment.  *State v. Turner*, 105 Ohio St. 3d 331, ¶ 56 (2005).  Turner's statement in his Objections that "[t]here was no evidence that Jennifer Turner had or intended to provide "testimony" against Michael Turner for a crime that he committed and that she witnessed" (PageID 3998, repeated virtually verbatim at PageID 4000) is blatantly false.  The Court should deny this sub-claim on the merits and also deny a certificate of appealability because no reasonable jurist would disagree with this conclusion.

**Second sub-claim: Course of conduct specification**

In the second sub-claim, Turner attacks the course of conduct specification finding with the assertion that "the evidence before the state trial court 'clearly demonstrates that he had no reason to and no purpose to kill Ronald Seggerman . . . until Seggerman attacked him.'" (Traverse, Doc. No. 32 at PageID 1041-42.)  On this claim, the Ohio Supreme Court held

> As to the R.C. 2929.04(A)(5) course-of-conduct specification, Turner contends that the stipulated facts are insufficient to prove that he

-18-

> purposefully killed Ronald Seggerman and therefore to prove that he
> purposefully killed two or more persons. We disagree. After disabling
> and disarming Seggerman, Turner beat him, forced him to back up
> 100 yards, then stabbed him at least four times. As we said in
> discussing Turner's third proposition, these facts are sufficient to
> permit a finding that Turner harbored a purpose to kill.

105 Ohio St. 3d at ¶ 57.

In a case such as this to which the AEDPA applies, a habeas court must give two levels of

deference to the state courts' decisions:

> In an appeal from a denial of habeas relief, in which a petitioner
> challenges the constitutional sufficiency of the evidence used to
> convict him, we are thus bound by two layers of deference to groups
> who might view facts differently than we would. First, as in all
> sufficiency-of-the-evidence challenges, we must determine whether,
> viewing the trial testimony and exhibits in the light most favorable to
> the prosecution, any rational trier of fact could have found the
> essential elements of the crime beyond a reasonable doubt. See
> *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d
> 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate
> the credibility of witnesses, or substitute our judgment for that of the
> jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993).
> Thus, even though we might have not voted to convict a defendant
> had we participated in jury deliberations, we must uphold the jury
> verdict if any rational trier of fact could have found the defendant
> guilty after resolving all disputes in favor of the prosecution. Second,
> even were we to conclude that a rational trier of fact could not have
> found a petitioner guilty beyond a reasonable doubt, on habeas
> review, we must still defer to the state appellate court's sufficiency
> determination as long as it is not unreasonable. See 28 U.S.C. §
> 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In other words, in a a sufficiency of the

evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson*

*v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by the

AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008). Giving that deference in the Report, the

Magistrate Judge concluded the state courts' conclusion that there was sufficient evidence on this specification was not an unreasonable application of *Jackson*. (Report, Doc. No. 135, PageID 3780).

The Objections recite the evidence that Seggerman provoked Turner. If believed, this evidence could have led the trier of facts (in this case, the three-judge panel weighing the stipulation) to conclude that Turner's killing of Seggerman was not purposeful, thereby precluding a conviction on this specification. Giving the appropriate level of deference, the Magistrate Judge cannot say that there was insufficient evidence to convict. However, if the District Court adopts the recommendation to dismiss this sub-claim, it should grant Turner a certificate of appealability.

**Third sub-claim: Turner's previous conviction of purposeful attempted homicide**

Turner was also convicted of a specification under Ohio Revised Code § 2929.04(A)(5) which requires proof that "[p]rior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another . . ." In deciding this sub-claim on the merits, the Ohio Supreme Court found that it was "undisputed that the state of Virginia convicted Turner of attempted murder in 1980." 105 Ohio St. 3d 331 at ¶ 44. Furthermore,

> Contrary to Turner's argument, purpose to kill is an essential element of attempted murder under Virginia law. The Virginia Supreme Court has held: "To sustain a conviction of an attempted crime, the evidence must establish a specific intent to commit the crime ***." *Howard v. Commonwealth* (1981), 221 Va. 904, 906, 275 S.E.2d 602.
>
> Accordingly, in order to sustain a conviction of attempted murder, the evidence must establish a specific intent to kill, as the Virginia Supreme Court has held. "[A]ttempted murder requires proof of an intent to kill ***." *Martin v. Commonwealth* (1991), 242 Va. 1, 5, 406 S.E.2d 15, 7 Va. Law Rep. 2757"[I]n order to prove the crime of

> attempted murder, the evidence must show a specific intent to kill the victim *** coupled with some overt but ineffectual act in furtherance of this purpose." *Epps v. Commonwealth* (1975), 216 Va. 150, 156, 216 S.E.2d 64. See, also, *Coleman v. Commonwealth* (2001), 261 Va. 196, 200, 539 S.E.2d 732; *Nobles v. Commonwealth* (1977), 218 Va. 548, 551, 238 S.E.2d 808; *Hargrave v. Commonwealth* (1974), 214 Va. 436, 437, 201 S.E.2d 597; *Thacker v. Commonwealth* (1922), 134 Va. 767, 770-772, 114 S.E. 504. Turner cites no Virginia case holding that a defendant may be convicted of attempted murder without proof of specific intent to kill.

*Id.* at ¶¶ 46-47. Quoting this language from the Ohio Supreme Court's decision, the Magistrate Judge concluded the Ohio Supreme Court's decision was not objectively unreasonable (Report, Doc. No. 135, PageID 3780-3781).

In his Objections, Turner asserts

> There is simply no evidence presented in the record here to demonstrate that critical element [of purposeful attempt to kill another]. The only evidence in this record demonstrates that the prior offense did not include an essential element of purposeful killing or attempt to kill another.

(Objections, Doc. No. 144, PageID 4008).

Unpacking this objection, the Magistrate Judge notes first that Turner complains no "certified copy of the journal entry" in the Virginia case was introduced (Objections, Doc. No. 144, PageID 4006). However, the stipulation dispensed with the need for any independent evidence. See *Wigmore, supra.*

Second, Turner complains there was no "proof that Virginia's attempted murder statute contained the language required to prove the Ohio Revised Code § 2929.04(A)(5) 'prior offense' specification." *Id.* at PageID 4006-4007. But there is no requirement in § 2929.04(A)(5) that the required element of purposeful appear on the face of the statute violated. As the Ohio Supreme Court held, the Virginia Supreme Court has held purpose to kill is an essential element of attempted

-21-

murder in Virginia. *State v. Turner*, 105 Ohio St. 3d 331, ¶ 47 (2005), citing Virginia Supreme Court case law back to 1922. Turner's counsel boldly state "[t]he Supreme Court of Ohio concluded **without citation** that "Virginia's courts have held that an attempted-murder conviction requires proof of specific intent to kill," but the citations are right there in ¶ 47.

This third sub-claim is without even arguable merit. The Court should dismiss it and deny a certificate of appealability.

**Ground Nine**[2]

In his ninth ground for relief, Turner asserts he was denied effective assistance of counsel at penalty phase of his trial court proceedings. The Report separates the sub-claims of this Ground for analysis.

**First and Second Sub-Claims: Failure to Challenge Aggravating Circumstances**

These sub-claims were rejected on the merits by the court of appeals on post-conviction and the Report found that decision was not objectively unreasonable, essentially for the same reasons given for denial of Ground Seven (Report, Doc. No. 135, PageID 3782-3784).

Having reviewed the Objections on these two sub-claims, the Magistrate Judge again recommends they be dismissed. However, a certificate of appealability should be issued as to the claim that the killing of Seggerman was not purposeful but not as to the claim that attempted murder

---

[2]As noted in the Report, Turner has withdrawn his eighth ground for relief. (Report, Doc. No. 135, PageID 3782, citing Traverse, Doc. No. 32, PageID 1044.)

in Virginia does not require proof of a purpose to kill.

**Third and Sixth Sub-Claims: Failure to Conduct an Adequate Mitigation Investigation**

These sub-claims were also rejected on the merits by the state court of appeals on post-conviction on the basis that Turner had failed to show prejudice as required by *Strickland*. The Magistrate Judge allowed discovery and an evidentiary hearing on this claim and the Report contains an extensive analysis of that evidence. Because the state courts decided this question on the merits, *Pinholster* precludes consideration of that evidence which was not, in any event, very helpful to Turner's case.

Turner objects that "[t]he conclusions of the Magistrate [Judge] miss the point of Turner's claim." (Objections, Doc. No. 144, PageID 4025). The Objections then proceed to detail the failure of Turner's trial counsel to conduct an adequate investigation. But the conclusion reached by the state court of appeals which the Magistrate Judge accepted is that all of the investigation which Turner now insists should have been done would not have yielded evidence which was likely to change the result, principally because in Ohio alcoholism is at best a weak mitigating factor (Report, Doc. No. 144, PageID 3799, citing *State v. Foust*, 105 Ohio St. 3d 137 (2004); *State v. Gapen,* 104 Ohio St. 3d 358, 387 (2004); *State v. Nields,* 93 Ohio St. 3d 6, 43 (2001); *State v. Wilson,* 74 Ohio St. 3d 381,401 (1996); and *State v. Slagle,* 65 Ohio St. 3d 597, 614, 605 N.E.2d 916 (1992).

Considering the state court of appeals decision solely under § 2254(d)(1) as interpreted in *Pinholster*, the Magistrate Judge continues to conclude that that decision is not objectively unreasonable. Because failure to investigate mitigating evidence has been the subject of much recent appellate and Supreme Court jurisprudence and the standards remain fluid, Turner should be

granted a certificate of appealability on these sub-claims.

**Fourth Sub-claim: Failure to Present *Skipper* Evidence**

Turner disclaims any objection to the recommendation that this sub-claim be dismissed (Objections, Doc. No. 144, PageID 4067.)

**Fifth Sub-claim: Failure to Present Evidence of Low Serotonin**

Turner disclaims any objection to the recommendation that this sub-claim be dismissed (Objections, Doc. No. 144, PageID 4067.)

**Seventh Sub-claim: Failure to Document Turner's Extreme Intoxication at the Time of the Offense.**

Turner disclaims any objection to the recommendation that this sub-claim be dismissed, except for his continued assertion that the documents in question should have been presented to a drug and alcohol dependence expert as argued in the next sub-claim (Objections, Doc. No. 144, PageID 4067.)

**Eighth Sub-claim: Failure to Employ an Expert in Drug and Alcohol Dependence.**

Turner claimed in post-conviction that his counsel should have employed a drug and alcohol dependence expert with the qualifications of the post-conviction expert, Dr. Robert Smith, who gave an opinion to the post-conviction trial court that Turner's "history of substance dependence directly contributed to the commission of the murders." *State v. Turner*, 2006 WL 391820 ¶ 35 (Ohio App. 10th Dist. 2006). The court of appeals held essentially that Dr. Smith's qualifications were not so

manifestly greater than the qualifications of Dr. Haskins, the expert who was retained, as to demonstrate deficient performance or prejudice.  The Magistrate Judge concluded that this decision was neither unreasonable on the facts nor an unreasonable application of federal law and recommended dismissal of this sub-claim (Report, Doc. No. 135, PageID 3815).

The Objections do not point to any information of record which calls this conclusion into doubt in the Magistrate Judge's mind or which requires additional analysis.  It is therefore again respectfully recommended this sub-claim be denied.  Because of its close relationship to sub-claims three and five, however, it is recommended a certificate of appealability be granted on this sub-claim.

**Ninth Sub-claim:  Failure to Investigate and Present Evidence of Turner's remorse and Acceptance of Responsibility**

Turner disclaims any objection to the Report's recommendation to dismiss this sub-claim (Objections, Doc. No. 144, PageID 4073).

## Ground Ten

In his tenth ground for relief, Turner contends that, even if the previous nine errors standing alone do not warrant habeas corpus relief, the cumulative effects of those errors do.  The Report recommended dismissing this ground for relief as barred by the holding in *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006), that this is not a cognizable claim in habeas (Report, Doc. No. 135, PageID 3820).

-25-

Turner objects that, while the Sixth Circuit has not recognized this claim as cognizable, "other Circuits do," (Objections, Doc. No. 144, PageID 4076), citing five opinions of the Ninth Circuit Court of Appeals, but none from any other circuit. This Court is bound by the Sixth Circuit's existing precedent and the claim should therefore be dismissed. It is not debatable among reasonable jurists that existing Sixth Circuit precedent precludes the claim, and this Court should therefore deny a certificate of appealability on the claim. If the Sixth Circuit wishes to revisit its position, it has authority to grant a certificate of appealability on the claim after judgment.

## Ground Eleven

In his eleventh ground for relief, Turner "contends his death sentence violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution for several reasons, as well as violating "the various treaty and compact obligations of the United States under international law." (Petition, Doc. No. 20 PageID 626-629.) The Report concluded this claim should be dismissed, in part on the merits and in part as procedurally defaulted (Report, Doc. No. 135, PageID 3820-3825).

Turner raises no objections to the proposed disposition of this claim.

## Ground Twelve

In his twelfth ground for relief, Turner contends that Ohio's statutory scheme for providing appellate and proportionality review in capital cases is constitutionally inadequate (Petition, Doc.

No. 20, PageID 630-634).

The Report concluded this claim was procedurally defaulted because it had never been properly presented to the state courts (Report, Doc. No. 135, PageID 3825-3826). Turner had sought to counter the State's procedural default defense by noting that he had raised this claim as one of the improperly omitted propositions of law in his claim of ineffective assistance of appellate counsel. However, submitting a claim only in that fashion does not preserve it for determination on the merits in habeas. *Wogenstahl v. Mitchell*, ___ F.3d ___, 2012 U.S. App. LEXIS 1905 *74-75 (February 2, 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.* Turner objects to this conclusion for reasons argued under his Thirteenth Ground for Relief (Objections, Doc. No. 144, PageID 4079).

Had the claim been preserved for merit review, the Report concluded it would have to be rejected on the merits on authority of *Buell v. Mitchell*, 274 F.3d 337, 368-69 (6th Cir. 2001), and other cited Sixth Circuit authority (Report, Doc. No. 135, PageID 3826). Recognizing that this Court is bound by the cited precedent, Turner "preserves his objections." (Objections, Doc. No. 144, PageID 4080).

Because no persuasive argument to the contrary is presented in the Objections, the Magistrate Judge again recommends this ground for relief be dismissed as procedurally defaulted and alternatively on the merits. No certificate of appealability should issue.

## Ground Thirteen

In his thirteenth ground for relief, Turner contends his appellate counsel's failure to raise six propositions of law as error on direct appeal before the Ohio Supreme Court constituted ineffective assistance. (Petition, Doc. No. 20 at PageID 635-64.)  The Warden did not rely on the procedural default found by the Ohio Supreme Court, but instead argued all six propositions of law were without merit.

**Treatment in the Report**

As to the first sub-claim that appellate counsel should have raised Turner's intoxicated condition at the time of arrest as making his statements involuntary, the Magistrate Judge concluded this claim would have had little chance of success, essentially because Turner pled guilty (Report, Doc. No. 135, PageID 3830).  As to the second sub-claim that appellate counsel should have raised the failure to police to stop interrogating Turner when he asked for a lawyer, the Report reached the same conclusion.  *Id.*  at PageID 3833.

The third sub-claim is that appellate counsel were ineffective for failure to plead that trial counsel were ineffective for failure to insist on a right to withdraw the guilty plea if a death sentence were imposed.  The Report recommends dismissing this sub-claim on the basis that the underlying claim of ineffective assistance of trial counsel is without merit (Report, Doc. No. 135, PageID 3835).[3]

---

[3] In making this recommendation, the Report relies in part of testimony given at the evidentiary hearing held in this matter.  Because the state courts did not decide this claim on the merits, this Court is not precluded by *Pinholster* from considering this testimony.

The fourth sub-claim is that appellate counsel were ineffective for failure to raise on appeal trial counsel's ineffectiveness for failing to fully inform Turner of the consequences of his guilty plea. The Report concluded this sub-claim was without merit because the underlying ineffective assistance of trial counsel claim was without merit. *Id.*

The fifth, sixth, and seventh sub-claims are that appellate counsel was ineffective for failure to claim ineffective assistance of trial counsel as to mitigation. The Report concluded the fifth sub-claim was without merit because the underlying claim had been presented on direct appeal and the sixth and seventh sub-claims were without merit because they depended on evidence outside the record which could not have been presented on direct appeal. *Id.* at PageID 3836.

The eighth sub-claim is that appellate counsel were ineffective for failure to raise the claims made in the twelfth ground for relief. This sub-claim was found to be without merit because the omitted arguments had never been accepted by the Ohio Supreme Court (Report, Doc. No. 135, PageID 3837-3838). The same is true of the ninth sub-claim on international law and treaty grounds. *Id.* at PageID 3838.

**Objections**

Turner objects to the Report's conclusions as to all sub-claims.[4]    Having reviewed the objections, the Magistrate Judge concludes no additional analysis is needed on this ground for relief. It should be dismissed on the merits. However, a certificate of appealability should be granted on all sub-claims except eight and nine.

---

[4]Turner's counsel captions this portion of the Objections "Failure to ensure that Turner was fully informed of the consequences of his jury waiver" but then argues it in terms of the guilty plea. (Objections, Doc. No. 144, PageID 4092.)

## Ground Fourteen

In his fourteenth ground for relief, Turner asserts that Ohio's post-conviction process is constitutionally flawed because it does not allow a petitioner adequate discovery or expert and investigative assistance with which to pursue his constitutional claims (Petition, Doc. No. 20, PageID 665-68). The Report concluded that this claim was not cognizable in habeas corpus based on controlling Sixth Circuit precedent (Report, Doc. No. 135, PageID 3939-3940).

Turner objects that the cited Sixth Circuit precedent has been overruled by *Pinholster* by implication (Objections, Doc. No. 144, PageID 4109). That is a very broad reading of *Pinholster* coming from the Capital Habeas Unit of the Southern District Federal Defender Office, which has consistently argued for narrow readings of *Pinholster*, including in this case. The Magistrate Judge agrees that *Pinholster* has serious and as-yet-unspecified implications for factual development of habeas claims for relief, but does not believe *Pinholster* can appropriately be read as broadly as counsel argue. It is therefore respectfully recommended that this ground for relief be denied on the basis the precedent cited in the Report, but that a certificate of appealability be granted.

February 15, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).