# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL R. TURNER,

:

    Petitioner,

Case No. 2:07-cv-595

:

    -vs-

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

:

    Respondent.

---

# REPORT AND RECOMMENDATIONS ON ISSUES RAISED BY RECENT SUPREME COURT DECISIONS

### Status of the Case

This is a capital habeas corpus case. The pleadings were complete on February 8, 2008, when Turner's Reply (Doc. No. 32) was filed. An evidentiary hearing was held in February, 2010 (See Minute Entry, Doc. No. 123). The case became ripe for decision after briefing was completed August 24, 2010 (See Doc. No. 131). The Report and Recommendations on the merits was filed April 22, 2011 (Doc. No. 135). When extending the time for objections, I ordered the parties to brief, pre-judgment, the question whether a certificate of appealability should issue (Doc. No. 138). Turner objected, but Judge Barrett overruled those objections (Doc. No.46). I filed a Supplemental Report on the merits and a Report on the certificate of appealability issue on February 15, 2012 (Doc. No. 152). The case was transferred to Judge Black on March 9, 2012 (Doc. No. 156).

The day before the transfer, Petitioner moved (Doc. No. 155) to amend to add claims

1

relating to Ohio's lethal injection protocol which parallel amendments made to many pending Southern District capital habeas cases. I granted that Motion on May 3, 2012 (Doc. No. 165). The Warden has objected to that Order (Doc. No. 167). After recommital, I filed a Supplemental Opinion (Doc. No. 175). The question of whether the amendment should be allowed is now ripe for District Court consideration on further Objections by the Warden (Doc. No. 183) and Response by Turner (Doc. No. 185).

Turner sought and received permission to file a supplemental memorandum in support of his Objections to address the applicability of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), *Missouri v. Frye,* 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Turner's Supplemental Memorandum was filed July 2, 2012 (Doc. No. 174), the Warden responded on July 20, 2012 (Doc. No. 179), and Turner filed a Reply July 27, 2012 (Doc. No. 181). The case was recommitted October 12, 2012, for consideration of these supplemental memoranda (Doc. No. 187).

**Analysis**

**Ineffective Assistance of Post-Conviction Counsel:**

**The Decision in *Martinez v. Ryan***

The first branch of Turner's Supplemental Memorandum relies on *Martinez v. Ryan, supra.* In *Coleman v. Thompson,* 501 U.S. 722 (1991), the Supreme Court had held that an attorney's ignorance or inadvertence in a postconviction proceeding did not qualify as cause to

excuse a procedural default. *Coleman* remained the law for twenty years and the District Court in *Martinez* and the Ninth Circuit on appeal in that case applied *Coleman* to bar consideration of an ineffective assistance of trial counsel claim which had been procedurally defaulted by failure to raise the claim by the first attorney who could have raised it. The Supreme Court reversed, holding:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

132 S. Ct. at 1315. The Court noted that Arizona "does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings." *Id.* at 1313. As the Court noted, citing *Massaro v. United States*, 538 U.S. 500 (2003), Arizona parallels the federal system in this regard: federal court claims of ineffective assistance of trial counsel cannot be raised on direct appeal even if they depend on the record; they must be raised by motion to vacate under 28 U. S.C. § 2255. Because a collateral petition was the only proceeding in which an ineffective assistance of trial counsel claim could be raised in Arizona, the Supreme Court thought it should be made more like the situation where a claim of ineffective assistance of trial counsel can be raised on direct appeal, where a defendant is constitutionally guaranteed the effective assistance of counsel so that a defective representation on direct appeal can provide excusing cause. See discussion, *Martinez*, 132 S. Ct. at 1317.

The precise holding in *Martinez* is

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 1318-1319. The Court emphasized the narrowness of the new rule. "*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial." *Id.* at 1319. "The rule of *Coleman* governs in all but the limited circumstances recognized here." *Id.* at 1320.

**Application of *Martinez* to this Case**

In his Petition for Writ of Habeas Corpus, Michael Turner raised the following claims of ineffective assistance of trial counsel:

> **Ground Six:** Michael Turner was denied the effective assistance of counsel in the innocence-guilt determination phase of his capital trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4

**Sub-claims:** Trial counsel (1) failed to move to suppress his statements to police; (2) failed to move to suppress his statements because the interrogating officers ignored his request for counsel; (3) failed to ensure that he could withdraw his guilty pleas should he receive a death sentence; and (4) failed to inform Turner of the consequences of his jury waiver.

**Ground Nine:** Michael Turner was denied the effective assistance of counsel in the penalty phase of his capital trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**Sub-claims:** (A) failure to contest the course of conduct specification, (B) failure to contest the prior conviction specification, (C) failure to reasonably and competently investigate, prepare and present available mitigating evidence, (D) failure to present *Skipper* evidence regarding Turner's adaptability to prison life, (E) failure to investigate and present psychological and physiological mitigating evidence regarding the effects of low serotonin, (F) failure to present testimony from available lay witnesses as to Turner's alcohol abuse and addiction, (G) failure to utilize readily available documentary evidence to demonstrate Turner's extreme intoxication at the time of the offense, (H) failure to investigate and utilize an expert in drug and alcohol dependence, and (I) failure to investigate and present evidence of Turner's remorse and acceptance of responsibility.

(Amended Petition, Doc. No. 20, PageID 496-499.)

In his Supplemental Memorandum, Turner never enumerates to which claims of ineffective assistance of trial counsel he believes *Martinez* applies, merely mentioning that the Petition for Post-Conviction Relief had ten claims for the penalty phase and five for the guilt/innocence phase (Supplemental Memorandum, Doc. No. 174, PageID 5266). However, *Martinez* only applies to excuse a procedural default of an ineffective assistance of trial counsel claim. It has no applicability to claims on which the habeas court reaches the merits.

5

The Report and Recommendations recommends finding that the Sixth Ground for Relief is without merit and should be dismissed on that basis (Doc. No. 135, PageID 3767, 3770, 3776.) Nothing in *Martinez* impacts the analysis of the Sixth Ground for Relief.

On the Ninth Ground for Relief, the Report recommends as follows:

1. Deny the first and second sub-claims (failure to challenge aggravating circumstances) on the merits (Doc. No. 135, PageID 3783).

2. Deny the first and sixth sub-claims (failure to conduct an adequate mitigation investigation) on the merits. *Id.* at PageID 3800.

3. Deny the fourth sub-claim (failure to present evidence of Turner's adaptability to prison) on the merits. *Id.* at PageID 3803.

4. Deny the fifth sub-claim (failure to present evidence of low serotonin) on the merits. *Id.* at PageID 3804.

5. Deny his seventh sub-claim (failure to document Turner's extreme intoxication) on the merits. *Id.* at PageID 3811.

6. Deny his eighth sub-claim (failure to obtain a drug/alcohol dependence expert) on the merits. *Id.* at PageID 3815.

7. Deny his ninth sub-claim (failure to present evidence of remorse) as barred by Ohio's criminal doctrine of *res judicata* and also as without merit. *Id.* at PageID 3818-3819.

Thus the Magistrate Judge found only one of the fifteen claims of ineffective assistance of trial counsel to be procedurally defaulted. On that sub-claim, the Magistrate Judge offered an alternative merits analysis; on all of the other sub-claims, only a merits analysis was given. *Martinez* is inapplicable to the fourteen sub-claims on which the Court reached the merits. The

Supreme Court did not in *Martinez* create a right to effective assistance of post-conviction counsel. Rather, it only provided that such ineffectiveness can be proven as excusing cause for a procedural default. But only one sub-claim was found to be procedurally defaulted; all the rest were found to be without merit.

As to the sub-claim where a procedural default was found, *Martinez* is also inapplicable. *Martinez* only applies to claims of ineffective assistance of trial counsel which must, under state law, be raised on collateral review. In Arizona, as in the federal system, that is all claims of ineffective assistance of trial counsel. Ohio is different, providing that those claims of ineffective assistance of trial counsel which can be raised on direct appeal must be raised on direct appeal or be barred by *res judicata*. In *Williams v. Anderson*, 460 F.3d 789, 799 (6th Cir. 2006), the Sixth Circuit described Ohio law generally on the subject:

> Ohio law requires criminal defendants to bring ineffective assistance of counsel claims on direct review if the defendant has new counsel on appeal, and the trial court record contains sufficient evidence to support the claim. *State v. Cole,* 2 Ohio St. 3d 112, 443 N.E.2d 169, 171 (1982). Where the trial court record does not contain sufficient evidence to support the claim, however, the defendant must instead bring the claim in post-conviction proceedings. *See State v. Cooperrider,* 4 Ohio St. 3d 226, 4 Ohio B. 580, 448 N.E.2d 452, 454 (Ohio 1983). Unlike on direct review, in post-conviction proceedings a petitioner may introduce evidence outside the trial court record to support the claim. *See id.* If a defendant chooses to bring an ineffective assistance of counsel claim on direct review, however, Ohio's "res judicata" rule precludes the defendant from re-raising the claim in post-conviction proceedings. *Id.*
>
> In the instant case, Petitioner chose to bring his ineffective assistance of counsel claim on direct review, thereby foregoing the opportunity to present evidence outside the trial court record to support his claim. Ohio has finality and judicial economy interests in enforcing its prohibition on re-litigation of ineffective assistance of counsel claims in post-conviction proceedings. *State v. Saxon*,

7

> 846 N.E.2d 824, 109 Ohio St. 3d 176, 2006 WL 759668, at *5 (2006). Thus, normally, we would respect the Ohio court's decision to enforce "res judicata" and decline to consider a petitioner's evidence where the petitioner chose to raise his or her ineffective assistance of counsel claim on direct review. *Cf. Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (stating that procedurally defaulted claims are not reviewed for comity and federalism reasons).

460 F.3d at 799. For reasons discussed in the Report at PageID 3817, the state court of appeals did not misapply Ohio *res judicata* doctrine in holding that this sub-claim could have been raised on direct appeal and was procedurally defaulted because it had not been thus presented. By its terms, *Martinez* is not applicable to situations where an ineffective assistance of trial counsel claim can be raised on direct appeal.

In sum, *Martinez* does not provide a basis for any relief in this case.

### Ineffective Assistance in Plea Negotiations:
### *Missouri v. Frye* and *Lafler v. Cooper*

This last term, the Supreme Court held there is a constitutional right to the effective assistance of counsel in the plea bargain process which includes the duty of an attorney to communicate an offered plea bargain. *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). In *Frye* counsel was found ineffective for failure to communicate a written plea and sentence offer to the defendant. In *Lafler*, decided the same day, counsel was found ineffective for recommending that his client reject a plea offer and stand trial instead. The Court noted that it

had held in *Montejo v. Louisiana*, 556 U.S. 778 (2009) that the right to effective assistance of counsel applies to all critical stages of criminal proceedings and in *Padilla v. Kentucky,* 559 U.S. ___, 130 S. Ct. 1473 (2010), that negotiation of a plea bargain is a critical stage of the proceedings.

As far as this case goes, however, neither case breaks new ground. There never was a plea offer and there never was going to be one. Petitioner quotes the testimony of the prosecutor from the evidentiary hearing held in this case:

> Well, this was a case that wasn't going to be pled to anything short of death. And we made it clear to Tully and Blaise from the get-go that that's what we were going for. We were going for death. We weren't going for life without parole. There was no chance at any time, unless the case completely fell apart, there was no chance at any time that this was going to be anything less than what I perceived as a trial for the death penalty.

(Quoted at Doc. No. 174, PageID 5286.)

As opposed to plea negotiation, the Report already accepts the broader proposition for which Turner cites these cases, to wit, that a criminal defendant is entitled to effective assistance in the preparation for trial generally. (See Report, Doc. No. 135, PageID 3761, 3782). Both the state courts and the Magistrate Judge treated Turner's claims of ineffective assistance of trial counsel as raising cognizable federal constitutional claims and decided them on the merits. Nothing decided by the Supreme Court in *Lafler* or *Frye* persuades the Magistrate Judge that a different result is called for or even any different analysis.

**Conclusion**

Having reconsidered the Report and Recommendations and Supplemental Report and Recommendations in light of Turner's Supplemental Memorandum, the Magistrate Judge finds no occasion to modify the analysis or conclusions in those Reports.

October 18, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).