## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

    Petitioner,

Case No. 2:07-cv-595

    -vs-

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

    Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON ISSUES RAISED BY RECENT SUPREME COURT DECISIONS

---

This capital habeas corpus case is before the Court on Petitioner's Objections (the "*Martinez* Objections," Doc. No. 192) to the Magistrate Judge's Report and Recommendations on Issues Raised by Recent Supreme Court Decisions (the "*Martinez* Report," Doc. No. 188). The Warden has responded to those Objections (Doc. No. 194) and Judge Black has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections and Response (Recommittal Order, Doc. No. 193).

The Supreme Court cases from the 2011 Term which Petitioner argues make a difference in this case are *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), dealing with, respectively, ineffective assistance of post-conviction counsel as excusing cause for procedural default of an ineffective assistance of trial counsel claim and ineffective assistance of trial counsel in plea negotiations.

1

*Martinez v. Ryan*

Since *Coleman v. Thompson*, 501 U.S. 722 (1991), it has been the rule that ineffective assistance of post-conviction counsel was not excusing cause for failure to present claims in state post-conviction proceedings. In *Martinez v. Ryan*, *supra,* the Supreme Court created a narrow exception to that rule:

> [W]hen a State requires a prisoner to raise an ineffective assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell,* 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319.

**To Which Ineffective Assistance of Trial Counsel Claims Does Turner Assert *Martinez* applies?**

The *Martinez* Report first attempted to determine to which claims of ineffective assistance of trial counsel Turner was arguing *Martinez* applied. The Report states "[i]n his Supplemental Memorandum, Turner never enumerates to which claims of ineffective assistance

of trial counsel he believes *Martinez* applies, merely mentioning that the Petition for Post-Conviction Relief had ten claims for the penalty phase and five for the guilt/innocence phase." (*Martinez* Report, Doc. No. 188, PageID 5445, citing Supplemental Memorandum, Doc. No. 174, PageID 5266).  Turner objects "The Magistrat [sic] is incorrect."  (*Martinez* Objections, Doc. No. 192, PageID 5491.)  However, Turner's counsel then fail to cite to any place in the Supplemental Memorandum where they did enumerate the claims of ineffective assistance of trial counsel to which they think *Martinez* applies.  They noted that post-conviction counsel made "ten separate claims of the denial of the effective assistance of counsel at the penalty phase and five claims of the denial of the effective assistance of counsel at the "trial" and earlier stages," but they did not say which of those claims they thought were affected by the *Martinez* decision (Supplemental Memorandum, Doc. No. 174, PageID 5266-5267).

Turner now says *Martinez* applies to all **fifteen** claims of ineffective assistance of trial counsel made in post-conviction.  (Martinez Objections, Doc. No. 192, PageID 5491.)  However, the Amended Petition in this case only includes **thirteen** claims of ineffective assistance of trial counsel, not fifteen.  (See Grounds for Relief Six and Nine, quoted verbatim in the *Martinez* Report at PageID 5444-5445.)  Of those thirteen, only ten were raised in postconviction.

The claims of ineffective assistance of trial counsel actually made in post-conviction as ruled on by the Tenth District and the parallel claims made in the Amended Petition are as follows:

**Third and fourth claims for relief** – "trial counsel was [sic] ineffective for failing to guarantee that he could withdraw his jury trial waiver and guilty plea if the three-judge panel imposed the death penalty" – dismissed as barred by *res judicata* – *State v. Turner*, No. 04AP-1143, 2006 WL 391820, ¶ 22 (Ohio App. 10th Dist. Feb. 21, 2006).  The parallel claim in the Amended Petition is

Ground Six, Sub-claim 3, "failed to ensure that he could withdraw his guilty pleas should he receive a death sentence."

**Tenth claim for relief** – "trial counsel failed to properly investigate and prepare for the mitigation phase of his trial" – dismissed on the merit – *Id.* at ¶¶ 24-25.  The parallel claim in the Amended Petition is Ground Nine, Sub-claim C, "failure to reasonably and competently investigate, prepare and present available mitigating evidence."

**Fifth claim for relief** – failure to introduce "evidence of his good behavior in the Franklin County Jail" – dismissed on the merits – *Id.* at ¶ 26.  The parallel claim in the Amended Petition is apparently[1] Ground Nine, Sub-claim D, "failure to present *Skipper* evidence regarding Turner's adaptability to prison life."

**Sixth claim for relief** – failure to "investigate and present psychological and physiological mitigation evidence regarding the effects of low serotonin levels"  - dismissed on the merits – *Id.* at ¶ 27.  The parallel claim in the Amended Petition is Ground Nine, Sub-claim E, "failure to investigate and present psychological and physiological mitigating evidence regarding the effects of low serotonin."

**Seventh, eighth, ninth, and fourteenth claims for relief** – failure to call four mitigation witnesses – dismissed on the merits – *Id.* at ¶¶ 29-33.  The parallel claim in the Amended Petition is Ground Nine, Sub-claim F, "failure to present testimony from available lay witnesses as to Turner's alcohol abuse and addiction."

**Eleventh claim for relief** – failure to "properly place before the panel evidence of appellant's alleged intoxication at the time of the murders" – dismissed on the merits – *Id.* at ¶ 34.  The parallel claim in the Amended Petition is Ground Nine, Sub-claim G, "failure to utilize readily

---

[1] These claims are only parallel if the *Skipper* evidence adverted to in the Amended Petition is limited to the *Skipper* evidence available from Turner's time in the Franklin County Jail and not his other periods of incarceration.

available documentary evidence to demonstrate Turner's extreme intoxication at the time of the offense."

**Twelfth claim for relief** – use of an unqualified expert witness on substance dependence – dismissed on the merits – *Id.* at ¶ 35. The parallel claim in the Amended Petition is Ground Nine, Sub-claim H, "failure to investigate and utilize an expert in drug and alcohol dependence."

**Thirteenth claim for relief** – elicitation of testimony from Dr. Haskins that Turner had a history of lying and exaggerating – dismissed on the merits – *Id.* at ¶ 36. There is no parallel claim in the Amended Petition

**Fifteenth and sixteenth claims for relief** – failure to file a motion to suppress the statements Turner made to the police – dismissed on the merits – *Id.* at ¶¶ 37-39. The parallel claims in the Amended Petition are Ground Six, Sub-claims one and two, "[t]rial counsel (1) failed to move to suppress his statements to police; (2) failed to move to suppress his statements because the interrogating officers ignored his request for counsel."

**Seventeenth claim for relief** – failure to ensure that Turner "was fully informed of the consequences of his decision to waive a jury trial – dismissed on the merits – *Id.* at ¶ 40. The parallel claim in the Amended Petition is Ground Six, Sub-claim four, trial counsel "failed to inform Turner of the consequences of his jury waiver."

**Nineteenth claim for relief** – cumulative error[2] – dismissed on the merits – *Id.* at ¶ 41. This claim has no parallel in Ground Six or Nine and is not apparently not being "counted" by Turner for purposes of his Supplemental Memorandum and *Martinez* Objections, since there are fifteen claims of ineffective assistance of trial counsel made in the post-conviction petition and decided by the Tenth District without counting this nineteenth claim, which does not mention ineffective

---

[2] This claim for relief as decided by the Tenth District is not limited to stand alone claims, but includes all the other eighteen claims. *Id.* at ¶ 41.

assistance of trial counsel.

In the Amended Petition, Ground for Relief Nine, Sub-claims **A** (failure to contest the course of conduct specification), **B** (failure to contest the prior conviction specification), and **I** (failure to investigate and present evidence of Turner's remorse and acceptance of responsibility) were not presented to the Tenth District Court of Appeals.

**_Martinez_ Applies Only to Excuse Procedural Default in Initial State Court Collateral Review of Ineffective Assistance of Counsel Claims**

**1.     _Martinez_ should be extended to Ohio ineffective assistance of trial counsel claims which are required to be raised in post-conviction.**

By its very terms, *Martinez* is only applicable to excuse a petitioner's procedural default in presenting ineffective assistance of trial counsel claims on initial collateral review of a conviction.

As noted in the *Martinez* Report, the *Martinez* case arose in Arizona which "does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings." (*Martinez* Report, Doc. No. 188, PageID 5443, *quoting Martinez*, 132 S. Ct. at 1313.)  Ohio is different, requiring that ineffective assistance of trial counsel claims which can be decided on the direct appeal record be presented there or be barred by *res judicata*.  Only claims which depend on evidence *dehors* the record can (and must) be presented in post-conviction.  The distinction is well established in Ohio law as recognized by the Sixth Circuit in *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006), and by the Tenth District Court of Appeals in this case, *State v. Turner*, No. 04AP-1143, 2006 WL 391820 (Ohio App. 10th Dist. Feb. 21, 2006), ¶ 8, *citing State v. Perry*, 10 Ohio St. 2d 175 (1967).

While the holding in *Martinez* is not directly applicable to Ohio, the rationale certainly is: Ohio requires – mandates – that ineffective assistance of trial counsel claims dependent on evidence *dehors* the appellate record be brought in post-conviction. For a petitioner who can only establish his ineffective assistance of trial counsel claims with evidence *dehors* the record, the constitutional guarantee of effective assistance of counsel on direct appeal is of no assistance. It was avowedly to close this gap between guaranteed effective assistance on direct appeal and possible complete default of a substantial ineffective assistance of trial counsel claim in post-conviction by incompetent counsel that the Court decided in *Martinez* to create the exception to *Coleman*. This Court has previously extended *Martinez* to apply to Ohio cases, albeit without approval as yet from the Sixth Circuit. *See Landrum v. Anderson*, 2012 U.S. Dist. LEXIS 118501 (S.D. Ohio Aug. 22, 2012).

**2.    But *Martinez* does not apply to any of Turner's ineffective assistance of trial counsel claims raised in post-conviction.**

*Martinez*, even if extended as suggested here, does not apply to any of ineffective assistance of trial counsel claims Turner made in post-conviction because none of them were required to be raised in post-conviction but found barred by a procedural default. As detailed above and in the *Martinez* Report, all of those claims were decided on the merits except for the claim found to be barred by *res judicata* (Doc. No. 188, PageID 5446-5447).

The procedural default doctrine in habeas is an instantiation of the adequate and independent state ground of decision rule. "If the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds, we, of course, will not undertake to review the decision." *Florida v. Powell*, 559 U.S.___, 130 S.

Ct. 1195, 1198, 175 L. Ed. 2d 1009 (2009) *quoting Michigan v. Long*, 463 U.S. 1032 at 1041 (1983).  In this case the Tenth District Court of Appeals dismissed all ineffective assistance of trial counsel claims on the merits except for claims one and two which were held barred by *res judicata*.  Ohio's criminal *res judicata* rule is, of course, a procedural default rule, but it applies to omissions made on direct appeal, not on post-conviction.[3]  In other words, the Ohio courts did not hold any procedural defaults against Turner except one made on direct appeal, to which *Martinez* is expressly not applicable.  Before there can even be a procedural default which requires excusing under *Wainwright v. Sykes*, 433 U.S. 72 (1977), the state rule underlying the procedural default must have been actually enforced against the petitioner.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), *citing County Court of Ulster County v. Allen*, 442 U.S. 140, 149, (1979).

The *Martinez* Objections argue for seventeen pages (Doc. No. 192,  PageID 5501- 5517) as if *Martinez* did not require a state court finding of procedural default.  Turner details at length all of the things that post-conviction counsel did not do, either because they did not think to do them or because they were prevented from doing them by not being granted discovery and an evidentiary hearing in the state courts.  In addition, Turner says he "requires discovery and an evidentiary hearing [in this Court] to more fully develop post-conviction counsel's deficient performance and the limitations placed on the investigation in the state courts."  *Id.* at PageID 5511.  Turner's counsel's apparent logic is if the state courts do not give you a procedural default you can invoke to apply *Martinez*, the federal courts can independently find a procedural

---

[3] The *Perry res judicata* rule has been repeatedly upheld in the Sixth Circuit as an adequate and independent state rule. *Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003); *Coleman v. Mitchell,* 268 F.3d 417, 429 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

default.  The Court doubts the same counsel would agree with this Court's raising a procedural default *sua sponte* when it is the Warden who would benefit.

As an alternative argument, Turner insists the state courts did not decide these claims on the merits because Turner defaulted in presenting the factual basis of these claims to the state courts and therefore "the state courts ruled on a different claim."  (*Martinez* Objections, Doc. No. 192, PageID 5514.)  But if these are different claims than those presented and they are supported by newly-discovered or newly-to-be-discovered evidence, they are not exhausted in the state courts.

*Martinez* does not create an independent constitutional right to effective assistance of post-conviction counsel, but only the possibility of using ineffective assistance of such counsel to excuse a procedural default held against a petitioner by the state courts.  There are no such procedural defaults in this case and *Martinez* is therefore inapplicable.

### *Missouri v. Frye* and *Lafler v. Cooper*

In *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L.Ed. 2d 379 (2012), counsel was found ineffective for failure to communicate a written plea and sentence offer to the defendant. In *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), counsel was found ineffective for recommending that his client reject a plea offer and stand trial instead.  The *Martinez* Report notes that these cases break no new ground for Turner since there never was a plea offer from the prosecutors which was either uncommunicated or turned down as the result of bad advice (*Martinez* Report, Doc. No. 188, PageID 5449).

The *Martinez* Objections do not claim there was any plea offer.  Instead, Turner re-argues

9

how bad the advice was that he actually received.  This portion of the *Martinez* Objections does not require any analysis beyond that already given.

**Conclusion**

Upon reconsideration in light of the *Martinez* Objections, the Magistrate Judge concludes they do not require modification of the recommendations already made in this case.

January 3, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).