# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

               Petitioner,

     -vs-

STUART HUDSON, Warden,

               Respondent.

:

:

:

Case No.  2:07-cv-595

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

---

# DECISION AND ORDER

---

       This capital habeas corpus case is before the Court on Petitioner's Motion to Extend the Time for Filing His Motion for Leave to File an Amended Petition to Include Lethal Injection Claims (Doc. No. 229).  Respondent opposes the extension (Response, Doc. No. 230).  Petitioner filed a Reply to the Response in Opposition on September 22, 2014 (Reply, Doc. No. 231).

**Relevant Procedural History**

       On March 21, 2013, Judge Black overruled Respondent's Objections to the Magistrate Judge's Decision and Order allowing Petitioner to amend to add two lethal injection claims to his Petition (Doc. No. 204).  The Order required Petitioner to file an amended petition forthwith.  *Id.* at PageID 9239.  The next day Judge Black found to be moot:

> [T]he pending Report and Recommendations (Doc. No. 135), the
> pending Supplemental Report and Recommendations (Doc. No.

1

> 152), the Motion for Certificate of Appealability (Doc. No. 149),
> Petitioner's Supplemental Objections (Doc. No. 158); Magistrate
> Judge Merz's Report and Recommendations on Issues Raised by
> Recent Supreme Court Decisions (Doc. No. 188); Petitioner's
> Objections to that Report and Recommendations (Doc. No. 192),
> and Magistrate Judge Merz's Supplemental Report and
> Recommendations on Issues Raised by Recent Supreme Court
> Decisions (Doc. No. 195).

(Order, Doc. No. 205.)  As a result, there is no decision on the merits of claims previously raised

by Petitioner, nor are those claims ripe for final decision.  *Id.*  at PageID 9241.

Turner filed his Second Amended Petition on May 30, 2013 (Doc. No. 209).

On December 20, 2013, Turner sought a stay of consideration of his lethal injection

claims (Motion, Doc. No. 219).  Noting the adoption by the State of a new lethal injection

execution protocol on October 10, 2013, Turner acknowledged that his pending lethal injection

claims "may no longer be viable" and the new protocol necessitated further amendment of the

Petition.  *Id.* at PageID 10348.  Turner further noted that the Sixth Circuit had remanded

*Sheppard v. Robinson*, Case No. 1:12-cv-198 for further development of lethal injection claims

on Sheppard's motion.  *Sheppard v. Robinson*, Sixth Circuit Case No. 13-3900 (Order, Dec. 17,

2013)(unreported, copy attached to Doc. No. 219 at PageID 10353).

On February 10, 2014, the Court granted a stay to and including March 17, 2014, the

"sixtieth day after the execution of Dennis McGuire," for Turner to "move to amend to add any

claims cognizable in habeas corpus which he has regarding Ohio's current lethal injection

protocol."  (Order, Doc. No. 223, PageID 10367.)  In the same document, the Magistrate Judge

recommended dismissal without prejudice as moot Turner's then-pending Fifteenth and

Sixteenth Grounds for Relief on the prior lethal injection protocol.  *Id.* at PageID 10366.  That

recommendation was adopted without objection on March 23, 2014 (Doc. No. 227).

On March 17, 2014, the Court extended the time to June 11, 2014, and on July 22, 2014, extended the time again to October 2, 2014.  On September 18, 2014, Turner filed the instant Motion seeking an additional extension to April 13, 2015 (Doc. No. 229).  To preserve the right of the parties to be heard, the Court suspended Turner's obligation to plead until after the present Motion was decided (Doc. No. 232).

**The Present Motion**

Turner seeks an extension of time until April 13, 2015, which is sixty-one days after the next scheduled Ohio execution (Ronald Phillips) on February 11, 2015 (Doc. No. 229, PageID 10418).  He notes that Ohio adopted a new lethal injection protocol on April 28, 2014, after the Dennis McGuire execution, no executions have been conducted under that protocol, and it is not known whether another protocol may be adopted prior to the Phillips execution.  *Id.* at PageID 10421.  Turner is a plaintiff in the parallel § 1983 case pending before Judge Gregory Frost of this Court and is pursuing discovery in that case which is relevant to the lethal injection claims he may seek to plead here.  *Id.*  He asserts he cannot properly plead his lethal injection claims in this case until he has received discovery in that case relevant to the actual application of the April 28, 2014, protocol in the Phillips execution.  *Id.*  at PageID 10424.

Respondent opposes a further extension on the basis of *Scott v. Houk,* 760 F.3d 497 (6th Cir. 2014), and *Frazier v. Jenkins*, ___ F.3d ___, 2014 U.S. App. LEXIS 20645 (6th Cir. Oct. 27, 2014)(Doc. Nos. 230, 233).  Turner responds that *Scott* did not overrule *Adams v. Bradshaw,* 644

F.3d 481 (6ᵗʰ Cir. 2011), where the Sixth Circuit held that a method-of-execution claim was cognizable in habeas.

Scott's claim that lethal injection is unconstitutional was dismissed on the merits in the district court. *Scott v. Houk,* 2011 U.S. Dist. LEXIS 133743 (N.D. Ohio Nov. 18, 2011)(Adams, J.)  On appeal Scott sought a remand for further development of that claim.  The Sixth Circuit, without citing *Sheppard, supra,* but noting that Scott is a plaintiff in the Lethal Injection Protocol case pending before Judge Frost, denied remand and affirmed the dismissal of this claim, holding:

> Although we understand Scott's point—that the relief he seeks is available only through a federal habeas claim—we decline to grant Scott's request for a remand. As the law currently stands, there is no merit to Scott's assertion that his sentence is void because lethal injection is unconstitutional. Simply put, lethalinjection does not violate the Constitution per se, and Scott acknowledges as much in his brief. *See Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420; *Cooey v. Strickland*, 589 F.3d 210 (6th Cir. 2009). Therefore, in order to obtain relief from his sentence, Scott would first have to gather facts showing that Ohio is unable to administer lethal injection in a constitutionally permissible manner. And this is precisely the type of discovery that Scott can pursue in his § 1983 litigation.

760 F.3d at 512 (footnote omitted).  In *Frazier*, again without citing *Sheppard, supra*, the petitioner also sought remand for further development of the lethal injection claim.  Noting that Frazier had become a party to the § 1983 litigation before Judge Frost, the court upheld dismissal of his claim that "Ohio's administration of the death penalty is unconstitutional."  2014 U.S. App. LEXIS 20645 at *44-45.

The Court is persuaded that neither *Scott* nor *Frazier* precludes the relief sought by Turner.  Accordingly, the Motion is GRANTED and Turner's time to move to amend to add

lethal injection claims is extended to and including April 13, 2015.

October 30, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge