# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

                Petitioner,

-vs-

STUART HUDSON, Warden,

                Respondent.

:

:

:

Case No. 2:07-cv-595

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

---

# REPORT AND RECOMMENDATIONS

---

This capital habeas case is before the Court on the Warden's Renewed Motion to Dismiss in Light of *Glossip v. Gross* (ECF No. 246). Turner opposes the Motion (ECF No. 248) and the Warden has filed a Reply in support (ECF No. 250).

Motions to dismiss involuntarily are "dispositive" within the meaning of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, requiring a report of proposed findings and recommendations for decision from an assigned Magistrate Judge.

The Motion is directed to Turner's Third Amended Petition (ECF No. 244, "3rd AP") and particularly to the lethal injection claims pled therein, which Turner represents as beginning at Ground for Relief XV. *Id.* at PageID 10654, n. 1. Those claims are as follows:

> **Ground XV.** Michael Turner's execution by lethal injection under Ohio law will violate the Supremacy Clause.

1

**Ground XVI.**  Michael Turner's execution by lethal injection under Ohio law will violate the Eighth Amendment because any drug DRC [Ohio Department of Rehabilitation and Correction] can procure for use in lethal injections has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace.

**Ground XVII.**  Michael Turner's execution by lethal injection under Ohio law will violate the Eighth Amendment because it causes a lingering death.

**Ground XVIII.**  Michael Turner's execution by lethal injection under Ohio law will violate the Eighth Amendment because lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty.

**Ground XIX.**  Michael Turner's execution by lethal injection will be a human experiment on a nonconsenting prisoner in violation of the Fourteenth Amendment.

**Ground XX.**  Michael Turner's execution by lethal injection under Ohio law will violate the Eighth Amendment because the lack of legally obtainable, effective drugs to conduct lethal-injection executions will cause psychological torture, pain and suffering.

**Ground XXI.**  Michael Turner's execution by lethal injection under Ohio law will violate the Eighth Amendment because of the substantial, objectively intolerable risk of serious harm due to DRC's maladministration of Ohio's execution protocol.

**Ground XXII.**  Michael Turner's execution by lethal injection under Ohio law will violate the Equal Protection Clause of the Fourteenth Amendment.

**Ground XXIII.**  Michael Turner's execution by lethal injection under Ohio law will violate the Due Process Clause of the Fourteenth Amendment.

**Ground XXIV.**  Michael Turner's execution by lethal injection under Ohio law will violate the Eighth Amendment because of his unique, individual physical and/or mental characteristics.

(3rd AP, ECF No. 244, PageID 10659-60.)

Turner acknowledges that the claims in his 3rd Amended Petition were pled pursuant to Ohio's January 9, 2015, lethal injection protocol which has now been superseded by a new protocol filed June 29, 2015, and indicates he will move to amend to reflect that fact once the instant Motion is decided.

Turner is a co-plaintiff in *In re Ohio Lethal Injection Litigation,* Case No. 2:11-cv-01016, a consolidated action by death row inmates under 42 U.S.C. § 1983 pending before District Judge Frost of this Court.  When Turner first moved to amend to add lethal injection claims to his habeas petition, he acknowledged that fact and stated:

> The 1983 litigation now renamed *In re Ohio Execution Protocol Litigation* remains ongoing, including extensive document and deposition discovery. Much of the evidence developed in *In re Ohio Execution Protocol Litigation* is relevant to the claims in this petition, although the claims here are not the same claims as in the § 1983 litigation.

(ECF No. 155, PageID 4426.)  Thus Turner claims a difference between his claims in habeas and those in the § 1983 litigation, but does not explain what those differences are.

The Warden's instant Motion directly challenges this rationale for proceeding simultaneously in habeas and under 42 U.S.C. § 1983, relying on the Supreme Court's recent decision in *Glossip v. Gross*,     U.S.    , 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015). In *Glossip* Oklahoma death row inmates brought a § 1983 action seeking to enjoin the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection protocol. As the Supreme Court explains, Oklahoma had previously used the three-drug protocol (sodium thiopental, a paralytic agent, and potassium chloride) found constitutional by a plurality of the Court in *Baze v. Rees*, 553 U.S. 35 (2008). Because sodium thiopental and a substitute,

pentobarbital, have become unavailable, Oklahoma substituted midazolam. *Glossip* was brought under 42 U.S.C. § 1983 and sought injunctive relief prohibiting the use of a 500 mg. dose of midazolam in conjunction with the other two drugs. The Supreme Court affirmed the lower courts' denial of a preliminary injunction on two bases:

> For two independent reasons, we also affirm. First, the prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims. See *Baze v. Rees*, 553 U. S. 35, 61, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (plurality opinion). Second, the District Court did not commit clear error when it found that the prisoners failed to establish that Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain.

135 S. Ct. at 2731.

In the course of reaching these conclusions, the Court made this interpretation of *Hill v. McDonough*, 547 U.S. 573 (2006):

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

*Id*. at 2738.

In *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), the circuit court was faced with Ohio's claim, relying on *Hill*, that the district court lacked jurisdiction in habeas corpus over a lethal injection claim. The court held:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is

4

non-cognizable in habeas" is too broad. Nowhere in Hill or Nelson does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States,* 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, Hill *can* be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, *Nelson's* statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id*. at 483. Relying on that language from *Adams*, this Court has consistently held it has jurisdiction in habeas over method-of-execution claims. *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, *3-8 (S.D. Ohio 2012); *Waddy v. Coyle,* 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2013).

In the Motion to Dismiss, the Warden argues he has won in *Glossip* what he lost in *Adams*.  First he notes the ways in which the Amended Petition attacks the specific lethal injection protocol Ohio had in place at the time the Third Amended Petition was filed  (Motion, ECF No. 246, PageID 10847).  The Warden concludes "if *Adams* stands for the expansive proposition that inmates can challenge the specifics of Ohio's method of execution in habeas corpus or how it is administered, then it contradicts *Glossip*, and is overruled." *Id.*  at PageID

10846.    The Warden also relies on *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014), and *Frazier v. Jenkins*, 770 F.3d 485 (6th Cir. 2014), in both of which the circuit court refused to remand habeas cases for development of lethal injection claims on the grounds any needed development could take place in pending § 1983 cases which would adequately protect death row inmates' interests.

This Court has previously declined to read *Scott* and *Frazier* that broadly because they did not purport to overrule *Adams* and indeed could not do so since it is a published circuit opinion.  *See Tibbetts v. Warden,* 2015 U.S. Dist. LEXIS 27066 (S.D. Ohio 2015); *Raglin v. Mitchell,* 2014 U.S. Dist. LEXIS 155634 (S.D. Ohio 2014);  *Turner v. Hudson*, 2014 U.S. Dist. LEXIS 155270 (S.D. Ohio 2014).

Turner opposes the Motion, but makes an important admission:

> Nevertheless, the language from *Glossip* demonstrates that Turner may have been using imprecise terminology. Turner has used the terms "method-of-execution claim" and "lethal-injection habeas claim" interchangeably. Under *Glossip* it appears that "method-of-execution" claims refer to §1983 challenges. Turner shall henceforth more precisely refer to challenges in his petition as lethal injection habeas claims.

(ECF No. 248, PageID 10861, n.2.)

This Court's former application of *Adams* to allow death row inmates such as Turner to proceed simultaneously in § 1983 and habeas cannot stand in light of *Glossip.*  Putting the label "lethal injection habeas claims" on whatever claims happen to have been filed in a habeas corpus case and the label "method-of-execution" claims on whatever claims happen to have been made in a § 1983 case is not a substitute for analysis.  Indeed, Turner acknowledges "the focus must remain on the substance of the claim and the remedy sought, rather than the name ascribed to it." *Id.*  at PageID 10861.

6

The same imprecision of language which Turner concedes he has used in the past is also present in *Adams* where the court held that some method-of-execution claims which can be brought in 1983 can also be brought in habeas.  This Court has concluded it can no longer read *Adams* that expansively:

> *Glossip* at the very least renders that statement of the law inexact. Under *Glossip's* reading of *Hill*, a method-of-execution claim must be brought under § 1983 if, but only if, (1) success on the claim would not invalidate the death sentence and (2) the prisoner can "identify a known and available alternative method of execution that entails a lesser risk of pain."

*Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914, *7 (S.D. Ohio 2015).

Turner asserts his currently pled claims are cognizable in habeas corpus because they "attack the validity of his death sentence, because Turner demonstrates[1] that the State cannot constitutionally execute him using any execution protocol or procedures."  (ECF No. 248, PageID 10862.)  The relevant language from those claims is as follows:

**Ground XV**

550) Because under Ohio law DRC may only execute someone by lethal injection, and all ways in which DRC can possibly procure drugs and carry out lethal-injection executions contravene federal law, Michael Turner's death sentence cannot be carried out legally, necessarily rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

3rd AP, ECF No. 244 at PageID 10808.

**Ground XVI**

611)  Because under Ohio law DRC may only execute someone by lethal injection, and because DRC cannot legally carry out a lethal-

---

[1] Pleadings rarely "demonstrate" entitlement to relief.  The Court reads the word here as synonymous with "asserts" or "alleges."

7

injection execution, Michael Turner's death sentence cannot be carried out, necessarily rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10822.

### Ground XVII

635) Because there is no possible DRC lethal-injection Execution Protocol that would prevent Michael Turner from experiencing a lingering death, his lethal-injection execution constitutes cruel and unusual punishment prohibited by the Eighth Amendment.

*Id.* at PageID 10825.

### Ground XVIII

650) Because there is no possible DRC lethal-injection Execution Protocol that would prevent the death penalty from being imposed against Michael Turner in an arbitrary and capricious manner, his lethal-injection execution constitutes cruel and unusual punishment prohibited by the Eighth Amendment.

651) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried out, necessarily rendering it an invalid sentence. Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10827-28.

### Ground XIX

665) Because there is no possible DRC lethal-injection Execution Protocol that would not constitute a human experiment without voluntary consent, using unapproved investigational new drugs compounded by an ethically compromised pharmacist, the lethal-injection execution of Michael Turner violates the Fourteenth Amendment. *See In re Cincinnati Radiation Litig.*, 874 F. Supp. at 818.

666) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried

out, necessarily rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10830.

### Ground XX

670) Because there is no possible DRC lethal-injection Execution Protocol that would not cause anxiety and anguish, the lethal-injection execution of Michael Turner will violate the Eighth Amendment.

671) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried out, necessarily rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10831.

### Ground XXI

677) Because there is no possible DRC lethal-injection Execution Protocol, as written and/or as administered, that would prevent Michael Turner from experiencing a substantial risk of serious harm based on DRC's maladministration of its Execution Protocol or Turner's individual characteristics, his lethal-injection execution constitutes cruel and unusual punishment prohibited by the Eighth Amendment.

678) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried out, necessarily rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10832-33.

### Ground XXII

698) In sum, DRC's pattern and ongoing history of noncompliance with § 2949.22(A) and (C) and the Execution Protocols is irrational and/or unrelated to any conceivable legitimate State interest. It is also not narrowly tailored and necessary to carrying out a compelling State interest.

9

699) Because DRC intentionally and arbitrarily treats each condemned inmate differently and such disparate treatment is not rationally related to a legitimate, compelling state interest, and because DRC's protocol noncompliance substantially burdens Turner's fundamental rights, regardless of the lethal-injection Execution Protocol in place, the lethal-injection execution of Michael Turner violates his Fourteenth Amendment right to equal protection as a class of one and as member of the group of individuals whose fundamental rights are burdened.

700) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried out, necessarily rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10836.

### Ground XXIII

706) Because there is no possible DRC lethal-injection Execution Protocol that would prevent the denial of Turner's interests in expecting and receiving a quick and painless death, his lethal-injection execution constitutes a denial of his rights to due process guaranteed by the Fourteenth Amendment.

707) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried out, rendering it an invalid sentence. Michael Turner must therefore be granted habeas relief from his sentence of death.

*Id.* at PageID 10837.

### Ground XXIV

714) Michael Turner's lethal-injection execution will violate the Eighth and Fourteenth Amendments due to his unique physical and mental characteristics.

715) Because under Ohio law DRC may only execute someone by lethal injection, Michael Turner's death sentence cannot be carried out, rendering it an invalid sentence. Michael Turner must therefore be granted habeas corpus relief with respect to his death sentence.

10

*Id.* at PageID 10839.

As to each relevant Ground for Relief, Turner has claimed that finding in his favor would result in invalidation of his death sentence. When the assertions behind these conclusions are read, however, it is not clear that the required distinction between habeas and § 1983 claims is maintained. In his lengthy "Factual and Procedural Background for Lethal Injection Claims," Turner discusses the current status of lethal injection executions and problems with carrying them out in ways that suggest he is about to plead method-of-execution claims (ECF No. 244, PageID 10772-10807). In Ground for Relief XV, just to take the first lethal injection claim, he uses language that suggests seeking injunctive relief and expected or ongoing State conduct. For example, at ¶ 542 he complains that Ohio lethal injection executions "as administered" violate the Supremacy Clause. *Id*. at PageID 10807. At ¶ 545 he complains of the Ohio Department of Rehabilitation and Correction's "practice" in carrying out executions. *Id.* At ¶ 549 he pleads the risk that drugs hereafter acquired for lethal injections will have deleterious effects. *Id.* at PageID 10808.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Third Amended Petition be dismissed without prejudice for failure to plead a claim cognizable in habeas corpus with sufficient clarity to distinguish it from the claims Turner has made in *In re Ohio Lethal Injection Protocol Litig*. Turner is granted leave to move to file a fourth amended petition not later than September 30, 2015, relating his claims to the Ohio lethal injection protocol adopted

11

June 29, 2015, and showing clearly the distinction from any parallel claims being made in the

Lethal Injection Protocol case.[2]

September 9, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

---

[2] When the claims are re-pled, the Court pleads with counsel to avoid the clumsy neologism "LI-habeas claims." Distinction might be made between "lethal injection validity claims" in habeas and "lethal injection method claims" in § 1983.