# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL R.  TURNER,

            Petitioner,

       -vs-

STUART HUDSON, Warden,

          Respondent.

:

:

:

Case No.  2:07-cv-595

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

---

# DECISION AND ORDER

---

This capital habeas case is before the Court on Petitioner's Motion for Leave to File a Fourth Amended Petition (ECF No. 253).  The Warden opposes the Motion (ECF No. 256) and Turner has filed a Reply in support (ECF No. 257).

Motions to amend under Fed. R. Civ. P. 15 are non-dispositive within the meaning of 28 U.S.C. § 636 and are therefore within the initial decisional authority of Magistrate Judges.

**Procedural History**

On June 12, 2000, Jennifer Turner and Ronald Seggerman were stabbed to death. Petitioner was indicted for those murders, waived trial by jury, and pleaded guilty to both counts and all specifications in the Indictment.  A three-judge panel accepted the guilty plea, conducted

1

a mitigation hearing, concluded the aggravating circumstances outweighed the mitigation, and sentenced Turner to be executed.  After conclusion of state court proceedings, the United States Supreme Court denied certiorari.  *Turner v. Ohio*, 549 U.S. 1132 (2007).   Turner initiated these habeas corpus proceedings January 23, 2007.  Following discovery and an evidentiary hearing, the Magistrate Judge recommended relief be denied on April 22, 2011 (Report and Recommendations, ECF No. 135).

In March 2012 Turner moved to amend to add claims "regarding the constitutionality of Ohio's lethal injection protocol" (Motion, ECF No. 155, PageID 4425).  Petitioner sought to add two grounds for relief:

> **FIFTEENTH GROUND FOR RELIEF:** MICHAEL TURNER'S EXECUTION WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE OHIO'S LETHAL INJECTION PROTOCOL WILL RESULT IN CRUEL AND UNUSUAL PUNISHMENT.
>
> **SIXTEENTH GROUND FOR RELIEF**: MICHAEL TURNER'S EXECUTION WILL VIOLATE THE FOURTEENTH AMENDMENT BECAUSE OHIO'S LETHAL INJECTION PROTOCOL WILL DEPRIVE HIM OF EQUAL PROTECTION OF THE LAW [sic].

*Id.* at PageID 4431, 4433.

On May 3, 2012, the Magistrate Judge granted the Motion to Amend over the Warden's opposition (ECF No. 165), relying entirely on the parallel decision to allow a similar motion to amend in *Hughbanks v. Hudson*, Case No. 1:07-cv-111 (Order, ECF No. 131).  In *Hughbanks* the Court rejected the Warden's statute of limitations defense on the ground that "capital habeas petitions raising lethal injection protocol claims [are] timely if brought within one year of the various 2011 revisions to Ohio's lethal injection protocol . . ." *Id.* at PageID 1800.

The Warden appealed the allowance of amendment and Judge Black, to whom the case had been reassigned when the motion to amend was filed, overruled the Warden's objections, concluding that (1) Turner's lethal injection protocol claims were cognizable in habeas corpus on the basis of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), and the Magistrate Judge's statute of limitations analysis was not clearly erroneous or contrary to law. (Decision and Entry, ECF No.204, PageID 9239, citing *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083 (S.D. Ohio July 5, 2012)(Sargus, J.)(overruling both cognizability and statute of limitations objections to allowance of similar lethal injection protocol amendments by the undersigned Magistrate Judge). At the same time, but in a separate Entry, Judge Black found the pending Reports and Recommendations on the merits and on a certificate of appealability to be moot on the basis of S. D. Ohio Civ. R. 57.2 which provides that

> [T]he Court's opinion in any capital habeas corpus case "shall separately state each issue raised by the petition and will rule expressly on each issue stating the reasons for each ruling made." The Court will not be in a position to comply with Rule 57.2 until the newly-added claims are adjudicated and Magistrate Judge Merz has filed a report and recommendations on those claims.

(ECF No. 205, PageID 9240).

Turner filed his Second Amended Petition May 30, 2013 (ECF No. 209). Effective October 10, 2013, Ohio amended its lethal injection protocol and Turner sought a stay of these proceedings because "the claims as currently pleaded may no longer be viable[,] Turner's analogous claims are newly ripe again [and] the new execution protocol may give rise to additional habeas claims that are newly ripe. . ." (ECF No. 219, PageID 10348). Turner noted that the Sixth Circuit had remanded the Bobby Sheppard capital case on Sheppard's motion

seeking remand "for amendment and further proceedings in light of the State of Ohio's new lethal-injection protocol, effective October 10, 2013." *Id.* at PageID 30349, citing *Sheppard v. Robinson*, No. 13-3900 (6th Cir. Dec. 17, 2013)(unpublished, copy at ECF No. 219, PageID 10353).

The Magistrate Judge recommended dismissal of Grounds 15 and 16 because they had become moot, granted a stay of any consideration of Turner's lethal injection claims "to and including March 17, 2014, the sixtieth day after the execution of Dennis McGuire.  Not later than that date, Turner must move to amend to add any claims cognizable in habeas corpus which he has regarding Ohio's current lethal injection protocol."  (ECF No. 223, PageID 10367).  Over the Warden's objections based on *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014), and *Frazier v. Jenkins*, 770 F.3d 485, 505 (6th Cir. 2014), the Magistrate Judge extended the stay to April 13, 2015 (ECF No. 234).

On March 23, 2015, Turner sought another year's extension to March 21, 2016, sixty days after the then-next-scheduled Ohio execution of Ronald Phillips on January 21, 2016 (ECF No. 237).  The Magistrate Judge denied this further extension "for the reasons set forth in *Sheppard v. Robinson*, 2015 U.S. Dist. LEXIS 42981 (S.D. Ohio Apr. 1, 2015)" (ECF No. 240, PageID 10531).  On June 11, 2015, Turner filed his Third Amended Petition (ECF No. 244).

On June 29, 2015, the United States Supreme Court handed down *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).  On the same day, Ohio again amended its lethal injection protocol.  Based on *Glossip*, the Warden renewed his motion to dismiss (ECF No. 246).  Concluding that *Glossip* had changed the landscape upon which *Adams*, *Scott*, and *Frazier* had been written, the Magistrate Judge

4

> respectfully recommended that the Third Amended Petition be dismissed without prejudice for failure to plead a claim cognizable in habeas corpus with sufficient clarity to distinguish it from the claims Turner has made in *In re Ohio Lethal Injection Protocol Litig.* Turner is granted leave to move to file a fourth amended petition not later than September 30, 2015, relating his claims to the Ohio lethal injection protocol adopted June 29, 2015, and showing clearly the distinction from any parallel claims being made in the *Lethal Injection Protocol* case.

(ECF No. 251, PageID 10900-01).   Judge Black adopted that recommendation without any objection (ECF No. 254) and Petitioner filed the Motion to Amend now before the Court.

**Positions of the Parties**

    **Petitioner's Motion**

Turner argues that "[t]he critical distinction between lethal-injection claims in § 1983 actions and lethal-injection claims in habeas petitions is the type of remedy available to a successful litigant."  (Motion, ECF No. 253, PageID 10909).  He posits that the grant of relief in the § 1983 case to which he is a party "would not necessarily preclude Turner's execution; however, if Turner is successful in his habeas corpus proceeding, his death sentence would be invalidated." *Id. Glossip* is distinguishable, he says, because the death row plaintiffs in that case "did not attack the validity of their death sentences."  *Id.*  *Glossip* is inapplicable, he asserts, because he seeks to amend to allege that Ohio "can *never* execute by lethal injection him[1] – rendering his sentence constitutionally invalid." *Id.*  at PageID 10910.  He notes the distinction

---

[1] Thus in the original.  Presumably "can *never* execute him by lethal injection" is the intended construction of the sentence.

between injunctive and habeas relief explained in *Hill v. McDonough*, 547 U.S. 573 (2006), and

asserts that *Hill*

> reflects the critical distinction between the remedy of a claim
> seeking to enjoin the specific circumstances of how a lethal-
> injection is proposed to be carried out (one properly brought in a §
> 1983 action) and a lethal-injection claim seeking to invalidate the
> death sentence entirely (one properly reserved for a habeas
> petition).

(ECF No. 253,PageID 10910-11.)  If he is successful on his lethal-injection claims in habeas --

the ones he wishes to plead in his proposed Fourth Amended Petition -- this Court will rule "that

Ohio cannot constitutionally execute Michael Turner under the circumstances that exists now or

that could exist in the future. . . ." *Id.*  Turner avows he is not making

> an across-the-board challenge to lethal injection in general,
> however.  Other states may be capable of using lethal injection to
> execute other inmates without violating the Constitution, . . .
> However, Ohio's track record in conducting lethal injection
> executions and Turner's individual  characteristics demonstrate
> that Ohio will never be able to execute Turners [sic] using lethal
> injection without violating federal law and without committing a
> constitutional violation.  [Therefore] Turner's death sentence is . . .
> invalid.

*Id.* at PageID 10911-12.  Finally, Turner notes that he must, under *Glossip*, plead an alternative

method of execution in his § 1983 action, whereas pleading such an alternative in this action

would defeat his lethal-injection habeas claims.  *Id.* at PageID 10912.

In granting leave to move to amend, the Court ordered that any such motion "show [ ]

clearly the distinction from any parallel claims being made in the *Lethal Injection Protocol*

case."  (ECF No. 251, PageID 10901).  In response, Turner adverts to the claims made in the

Amended Omnibus Complaint in *In Re:  Ohio Execution Protocol Litigation,* Case No. 2:11-cv-

1016 as being

> fifteen federal law claims including Eighth and Fourteenth
> Amendment Claims, access to counsel claims, equal protection
> claims under the Fourteenth Amendment, fundamental rights
> claims, First Amendment claims, Fourteenth Amendment due
> process claims, Fourteenth Amendment Privileges and Immunities
> claims for experimentation on prisoners, ex post facto claims, bill
> of attainder claims, resuscitative health care claims, deliberate
> indifference to serious medical needs claims, RICO claims, and
> assorted state law claims.

*Id.* at PageID 10914, citing Case No. 11-1016, ECF 546, Table of Contents PageID 14721-24.

He quotes verbatim the fourteen "separate" claims he made in his Supplemental Individual

Complaint in *In Re: Ohio Execution Protocol Litigation*:

> **Twentieth Cause of Action:** Eighth Amendment violation based
> on substantial risk of serious harm in the form of severe, needless
> physical pain and suffering due to the identity of the drugs in the
> Execution Protocol.
>
> **Twenty-First Cause of Action:** Eighth Amendment violation
> based on substantial risk of serious harm in the form of severe,
> needless physical pain and suffering due to the source of the drugs
> in the Execution Protocol.
>
> **Twenty-Third Cause of Action:** Eighth Amendment violation
> based on substantial risk of serious harm in the form of severe
> mental or psychological pain, suffering and torturous agony due to
> the source of the drugs in the Execution Protocol.
>
> **Twenty-Fourth Cause of Action:** Eighth Amendment violation
> based on substantial risk of serious harm in the form of a lingering
> death.
>
> **Twenty-Fifth Cause of Action:** Eighth Amendment violation
> based on substantial risk of serious harm in the form of being the
> subject of an undignified, spectacle execution or attempted
> execution.
>
> **Twenty-Sixth Cause of Action:** Eighth Amendment Violation
> Based on Substantial Risk of Serious Harm in the Form of Being
> Subjected to an Unwanted, Non-Consensual Human
> Experimentation of an Execution.

7

**Twenty-Seventh Cause of Action**: Eighth Amendment Violation Based on Substantial Risk of Serious Harm in the Form of Maladministration or Arbitrary Administration of the Execution Protocol.

**Twenty-Eighth Cause of Action:** Eighth Amendment violation based on substantial risk of serious harm in the form of being subjected to an execution protocol that is facially unconstitutional because it does not preclude the execution of an inmate that is categorically exempt from execution.

**Twenty-Ninth Cause of Action:** Eighth Amendment Violation Based on Deliberate Indifference or Reckless Disregard of Substantial Risk of Harm to Plaintiff.

**Thirtieth Cause of Action:** Fourteenth Amendment Due Process Violation For Failure To Comply With Federal Investigational New Drug Application Regulations With Respect To The Method And Choice Of Drug To Be Used In Plaintiff's Execution.

**Thirty-First Cause of Action:** Equal Protection Violations Related To Defendants' Failures To Comply With The IND Application Laws.

**Thirty-Second Cause of Action**: First Amendment Free Exercise Clause and RLUIPA Violation.

**Thirty-Third Cause of Action:** Eighth Amendment Violations Based On Substantial Risk Of Serious Harm In The Form Of Severe, Needless Physical Or Mental/Psychological Pain And Suffering Due To Plaintiff's Unique, Individual Characteristics And Application Of The Execution Protocol.

**Thirty-Fourth Cause of Action**: Equal Protection Violations Related To Plaintiff's Unique, Individual Characteristics And Application Of The Law, Including DRC Defendants' Execution Protocol and Ohio's Execution Statute.

*Id.* at PageID 10913-14.

Without making a claim-by-claim comparison, Turner conclusorily asserts that

The lethal injection claims in Turner's proposed Fourth Amended Petition are limited to claims that Turner's execution by lethal injection will violate federal law and will constitute cruel and unusual punishment under the Eighth Amendment, that Ohio's failure and inability in the future to guarantee a quick and painless death will deny Turner due process, and that Ohio's lethal injection statute and June 29, 2015 lethal injection protocol are preempted by federal law because any attempt by Ohio to obtain, procure, or administer lethal injection execution drugs would violate the Federal Food Drug and Cosmetic Act (FDCA) and the Controlled Substances Act (CSA).

*Id.* at PageID 10914.

The Grounds for Relief Turner proposes to add by amendment are

**Ground One:** The State of Ohio cannot constitutionally execute Turner because the only means available for executing him violate the Eighth Amendment.

**Sub-claim A:** Any drug DRC can procure to use to execute Turner via lethal injection has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace in violation of the Eighth Amendment, and Ohio has no other means available to execute Turner that comply with the Constitution.

**Sub-claim B**: Any drug DRC can procure to use to execute Turner via lethal injection poses an objectively intolerable risk of causing a lingering and/or undignified death in violation of the Eighth Amendment. Ohio has no other means available to execute Turner that comply with the Constitution.

**Sub-claim C:** The lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty on Turner in violation of the Eighth Amendment. Ohio has no other means available to execute Turner that comply with the Constitution.

**Sub-claim D:** The lack of legally obtainable, effective drugs to conduct lethal-injection executions, and the

reality that Ohio has no other means available to execute Turner that comply with the Constitution causes Turner psychological torture, pain and suffering in violation of the Eighth Amendment.

**Sub-claim E:** The unavoidable variations inherent in Ohio's lethal-injection system and DRC's continued inability to properly administer its execution protocol present a substantial, objectively intolerable risk of serious harm to Turner in violation of the Eighth Amendment. Ohio has no other means available to execute Turner that comply with the Constitution.

**Sub-claim F:** Turner's unique, individual physical and/or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment. Ohio has no other means available to execute Turner that comply with the Constitution.

**Ground Two:** Turner's execution by lethal-injection under Ohio law will violate the Due Process Clause of the Fourteenth Amendment.

**Sub-claim A:** Execution by lethal injection under Ohio law will deny Turner's interests in expecting and receiving a quick and painless death in violation of the Due Process Clause of the Fourteenth Amendment. Ohio has no other means available to execute Turner that comply with the Constitution.

**Sub-claim B**: Turner's execution by lethal-injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Due Process Clause of the Fourteenth Amendment. Ohio has no other means available to execute Turner that comply with the Constitution.

**Ground Three:** Turner's sentence of death by lethal injection under Ohio law is an invalid sentence and thus unconstitutional because Ohio's execution laws are preempted by federal law.

**Sub-claim A:** Lethal-injection executions in Ohio are unconstitutional because Ohio statutory and administrative law governing executions, as written and as administered, are preempted by federal law, leaving

10

Ohio with no valid lethal-injection statute and no valid lethal-injection protocol, and thus no way to carry out a death sentence.

**Sub-claim B:**  DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the CSA) of those drugs violate the CSA.

**Sub-claim C:**  The Ohio lethal-injection statute and DRC's Execution Protocol purport to permit DRC to obtain controlled substances used in executions without a valid prescription, in violation of the CSA and DEA regulations.

**Sub-claim D:**  The Ohio lethal-injection statute and DRC's Execution Protocol purport to authorize DRC to provide controlled substances to Drug Administrators in contravention of the CSA and DEA regulations.

**Sub-claim E:**  DRC's actions in obtaining execution drugs violate the FDCA because those drugs used in an execution are unapproved drugs and/or misbranded drugs and/or constitute unapproved Investigational New Drugs.

**Sub-claim F:**  Thiopental sodium can never be used as an execution drug in compliance with the FDCA.

(ECF No. 253-1, PageID 10918-20.)


**Warden's Opposition**


Respondent opposes the amendment on grounds that none of Turner's proposed new claims is cognizable in habeas corpus, in light of *Glossip's* reading of *Hill v. McDonough*, 547 U.S. 573 (2006), that all method-of-execution claims must be brought under § 1983 and not in habeas.  (Amended Opposition, ECF No. 256, PageID 10974-78.)  *Glossip*, the Warden argues,

11

effectively overrules *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), under a broad reading of which this Court had permitted method-of-execution claims to be brought in habeas even though they were simultaneously pending in a § 1983 proceeding. *Id.* at PageID 10978-80. *Glossip* is also said not to be limited to Eighth Amendment method-of-execution claims. *Id.* at PageID 10981-82.  Finally, the Warden argues the proposed amendments are untimely and barred by the statute of limitations, 28 U.S.C. § 2244(d). *Id.*

**Petitioner's Reply**

In reply, Turner again asserts his proposed new habeas corpus method-of-execution claims are distinct from § 1983 method-of-execution claims because his habeas claims "attack the validity of his death sentence [by alleging] that the State of Ohio is, has been, and will always be incapable of executing him by lethal injection without violating federal law and the federal constitution, thus rendering his death sentence unenforceable and therefore invalid."  (Reply, ECF No. 257, PageID 10987.)  Reiterating what he said in the Motion, Turner again asserts "the critical distinction lies in the remedy that is available under § 1983 as opposed to the remedy that is available in habeas."  *Id.*

In opposing the statute of limitations defense, Turner argues he must necessarily attack the current method of execution and it is well settled that lethal injection habeas challenges begin anew whenever the protocol is changed. (ECF No. 257, PageID 10993-95.)

# ANALYSIS

In light of *Glossip*, this Court's prior treatment of lethal injection claims in habeas corpus requires severe modification.  The Court has previously relied on a broad reading of *Adams, supra*, in permitting method-of-execution claims to be brought in habeas, regardless of whether the same claims were simultaneously pending in a § 1983 action.  As Judge Frost of this Court wrote when confronted with the same argument, "*Glossip* undeniably upends this practice." *Henderson v. Warden*, No. 1:12-cv-703, 2015 U.S. Dist. LEXIS 134120 *9 (S.D. Ohio, Sept. 30, 2015)[2].  The undersigned has already reached the same conclusion, writing "[t]his Court's broad reading of *Adams* is inconsistent with the Supreme Court's ruling in *Glossip*. . ."  *Henness v. Jenkins*, No. 2:14-cv-2580, 2015 WL 666624 *5 (S.D. Ohio, Nov. 2, 2015).

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to

---

[2] Surprisingly, given that Judge Frost's opinion in Henderson marks this Court's first recognition of the change wrought by *Glossip*, he did not appeal to the Sixth Circuit from the dismissal of his case.

dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "'Delay by itself is not a sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.'" *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).


**Cognizability**


As Judge Frost has held in *Henderson, supra*, merely placing a habeas label on claims or asserting that their success will invalidate a death sentence does not satisfy *Glossip* when the distinction between method-of-execution claims which must be brought under § 1983 and proper habeas lethal injections claims is not maintained. *Henderson, supra,* at * 12-13, citing this Court's prior decision in this case, *Turner v. Hudson*, No. 2:07-cv-595, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015).  Instead of comparing the proposed new Grounds for Relief with the claims he has made in the § 1983 litigation and showing the differences, Turner has

14

relied entirely on the difference in remedy (injunction versus unconditional writ) and the fact that he had not proposed to plead an alternative method of execution in the new habeas claims.

Turner's proposed four new Grounds for Relief are properly § 1983 claims because they do not attack the validity of his death sentence as imposed by the Ohio courts, but rather the method by which that sentence will be carried out.

For example, Ground One, Sub-claim A, speaks to the ability of Ohio to obtain one or more execution drugs that will not cause "unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace in violation of the Eighth Amendment." If and when particular drugs are identified and obtained by the Ohio Department of Rehabilitation and Corrections ("ODRC") with which the ODRC proposes to execute Turner and Turner can prove to the satisfaction of the judge presiding in the § 1983 case that the use of those drugs will be unconstitutional, Turner can obtain complete relief by injunction against the use of those drugs to carry out his execution. Proof will depend on evidence presented in a hearing on motion for injunctive relief which may be preceded by discovery under the Federal Rules of Civil Procedure.

Conversely, to obtain habeas corpus relief on Ground One, Sub-claim A, Turner would have to show that his death sentence is invalid because it will be carried out by as-yet-unidentified drugs whose use violates clearly established Supreme Court decisional law. Turner has not identified any such Supreme Court decisional law and at the level of particular drugs, no such decisional law is known to this Court. Or perhaps when it came down to actually litigating Sub-claim A, Turner might allege the claim was unexhausted and seek a stay and remand to the Ohio courts to have that claim decided.

15

As another example, consider Ground Three which asserts "Ohio's execution laws are preempted by federal law."  Turner points to no Supreme Court decisional law clearly establishing any such proposition.  Because habeas corpus is available only to address constitutional issues and pre-emption is not argued in the Motion to be a matter of constitutional law, Ground Three appears to be non-cognizable on its face.  Conversely, that can be and has been raised in the § 1983 litigation and appears to be appropriate for litigation there.  Certainly a federal court has authority to consider the federal question of pre-emption and to permanently enjoin the ODRC from violating a pre-emption order.

The Court is not of the opinion that no claim relating to method of execution can be raised in habeas.  For example, should Ohio propose to execute Turner by a method which the Framers would have considered cruel and unusual (e.g., burning at the stake), this Court believes the *Glossip* court would allow such a claim to be litigated in habeas.  But the claims proposed to be added by the Fourth Amended Petition are not of that sort, despite the conclusory claim that they would "invalidate" the death sentence.

Moreover, Turner has cited no authority for permitting a death row inmate to proceed simultaneously on the same claims in both a § 1983 action and in habeas.  *Adams* did not address that issue, but this Court read *Adams* broadly as at least not prohibiting that practice.  In light of *Glossip*'s deepening of the distinction between § 1983 claims and habeas claims, that practice can no longer be justified.

There is no doubt that at least on some issues, Turner is proposing to litigate in both cases simultaneously.  For example, in his Twenty-Sixth Cause of Action in the Supplemental Individual Complaint in *In Re:  Ohio Execution Protocol Litigation*, he claims his execution

16

pursuant to Ohio law will make him the unwanted non-consensual object of human experimentation. The same claim is made in Ground Two, Sub-Claim B, of the proposed new Grounds for Relief.[3]

The Court concludes Turner has not shown that any one of his proposed new Grounds for Relief is cognizable in habeas corpus. The Motion to Amend is DENIED on that basis.

**Statute of Limitations**

Neither party argues the limitations issue at length, perhaps because this Court has previously and consistently held that the statute begins to run anew as to lethal injection claims whenever a new lethal injection protocol is adopted by the State. (See Response, ECF No. 257 at PageID 10994, citing, *inter alia*, *Sheppard v. Warden*, No. 1:12-cv-198, 2013 WL 146364, at *7, 2013 U.S. Dist. LEXIS 5560, at *20 (S.D. Ohio Jan. 14, 2013) (citing *Cooey v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010).

This Court's reliance on *Cooey* was misplaced. In that § 1983 case, the Sixth Circuit held that "[g]iven the change of [Ohio's lethal injection] policy, the statute of limitations to challenge the new procedure began to run anew." 604 F.3d at 942. But the statute of limitations for § 1983 cases and for habeas are completely different.

In all constitutional tort actions, the court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536 (1989). The statute of

---

[3] If Turner should say in objection that the Twenty-Sixth Cause of Action is brought under the Eighth Amendment and Sub-claim B asserts human experimentation in violation of the Due Process Clause of the Fourteenth Amendment and they are therefore "different," the Court would ask why Petitioner's counsel did not point that out in the Motion to Amend and argue for why it makes a difference when they were expressly ordered to show "clearly the distinction from any parallel claims being made in the Lethal Injection Protocol case." (ECF No. 251, PageID 10901).

limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years.  Ohio

Revised Code § 2305.10.  *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of

Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th

Cir. 1989)(*en banc*). In Ohio, the statute of limitations for a § 1983 claim is two years and runs

from "when the plaintiff knows or has reason to know of the injury which is the basis" of the

claim. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Federal law determines when the statute of limitations for a civil rights action begins to

run.  *Wallace v. Kato*, 549 U.S. 384 (2007).  The standard rule is that the right accrues when a

plaintiff has a complete and present cause of action.  *Id.* That is when the plaintiff can file suit

and obtain relief.  *Id.*, *citing Bay Area Laundry& Dry Cleaning Pension Fund v. Ferbar Corp. of

Cal.*, 522 U.S. 192 (1997).  The Sixth Circuit's decision in the later *Cooey* case, *supra*, is

consistent with its earlier *Cooey* decision, *Cooey  v. Strickland,* 479 F.3d 412 (6th Cir. 2007),

where the § 1983 statute was held to begin to run either when Ohio adopted lethal injection as a

possible method of execution in 1993 or when lethal injection was made the only method in

2001.  Because an inmate cannot bring suit to challenge a particular lethal injection method until

that method is adopted and the § 1983 statute runs from the date of discovery of injury, it is

logical to run the date anew from adoption of a new lethal injection protocol.

Habeas corpus, of course, has its own statute of limitations in 28 U.S.C. § 2244(d).  The

statute runs for one year from the date a conviction is final or the date a state-created impediment

is removed or a new constitutional right is recognized or the factual predicate of the claim was

discovered.  Petitioner makes no argument for any start date other than finality.

If Turner were to rely on the date of adoption of the current protocol as the date of

reasonable discovery of the required factual predicate under 28 U.S.C. § 2244(d)(1)(D), he would present under a different guise the cognizability problem dealt with above, to wit, if the case is about the particulars of a given lethal injection protocol, why is it not properly brought under § 1983? On the other hand, to interpret § 2244(d)(1)(D) as re-starting the habeas statute every time some change, however minor, is made in the method of execution would undermine the purpose of § 2244, as part of the AEDPA, to promote finality of state court judgments.

The Court concludes the statute of limitations ran in this case one year after the conviction became final. Therefore the proposed amendments are futile because they would be dismissable as barred by the statute of limitations. The Motion to Amend is DENIED on that basis as well.

January 19, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
