# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

    Petitioner,

    -vs-

STUART HUDSON, Warden,

    Respondent.

Case No. 2:07-cv-595

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## DECISION AND ORDER

This capital habeas case is before the Court on Petitioner's Renewed Motion for Leave to File an Amended Petition to include Amended Lethal Injection Grounds for Relief (ECF No. 283). The Warden opposes the Motion (ECF No. 286) and Mr. Turner has filed a Reply in Support (ECF No. 287).

Petitioner proposes to plead the following grounds for relief:

> **FIFTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available under the law to execute him violates his Eighth Amendment rights.
>
> **SIXTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.

1

> **SEVENTEENTH GROUND FOR RELIEF:** DRC cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment, (both on a fundamental rights basis and a class of one basis.)
>
> **EIGHTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 283-1.)

**Magistrate Judge Authority**

In extending *sua sponte* Petitioner's time to move to amend, the Court ordered:

> If Petitioner intends to take the position that a motion to amend is a dispositive motion on which a Magistrate Judge is unauthorized to act but must file a report and recommendations, Petitioner shall state that position in the motion to amend and provide legal authority in support.

(Decision and Order, ECF No. 282, PageID 11399.) Turner responds that he "does not argue that the Magistrate Judge is limited to issuing a Report and Recommendation when ruling on this Motion for Leave to Amend." (ECF No. 283, PageID 11415).

**Cognizability**

Petitioner asserts these proposed new claims are cognizable in habeas corpus under the Sixth Circuit's decision in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)(*Adams III*). The

Warden disputes that claim, but this Court has found parallel claims in other capital habeas corpus cases to be cognizable under *Adams III*. See, e.g. *Smith v. Pineda*, 2017 U.S. Dist. LEXIS 50346, *1 (S.D. Ohio Apr. 3, 2017); *Tibbetts v. Warden*, 2017 U.S. Dist. LEXIS 51968 (S.D. Ohio Apr. 5, 2017); *Chinn v. Jenkins,* 2017 U.S. Dist. LEXIS 56019 (S.D. Ohio Apr. 12, 2017). Simple application of *stare decisis* requires finding the proposed new claims are cognizable.

**Statute of Limitations**

The Warden argues that amendment would be futile because all of the proposed new claims are barred by the one year statute of limitations in 28 U.S.C. § 2244(d)(ECF No. 286, PageID 11523-26). Petitioner argues first (ECF No. 283, PageID 11409-11) the newly arising predicate theory that this Court has considered in detail and rejected in other capital habeas corpus cases. See *Smith, Tibbetts*, and *Chin, supra*. Alternatively, he seeks equitable tolling on the same basis as this Court has found that doctrine applicable in *Raglin v. Mitchell*, 2017 U.S. Dist. LEXIS 54458 (S.D. Ohio Apr. 10, 2017); *Bays v. Warden*, 2017 U.S. Dist. LEXIS 54466 (S.D. Ohio Apr. 10, 2017); and *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 56007 (S.D. Ohio Apr. 12, 2017), aff'd, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.).

Again, *stare decisis* requires adhering to these prior decisions.

**Conclusion**

Petitioner's Renewed Motion for Leave to File an Amended Petition to include Amended Lethal Injection Grounds for Relief is GRANTED. Petitioner shall file a fourth amended petition embodying the four new lethal injection invalidity grounds for relief set forth above not later than June 9, 2017. If the Warden appeals from this Decision, Petitioner's time to file the fourth amended petition is extended to and including the tenth day after Judge Black rules on the appeal.

May 31, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge