# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MICHAEL R.  TURNER,

                          :

        Petitioner,                        Case No.  2:07-cv-595

                          :         District Judge Timothy S. Black

    -vs-                            Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                          :

        Respondent.

---

# REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

---

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss Turner's lethal injection invalidity claims for lack of cognizability in habeas corpus (ECF No. 298).  Turner opposes the Motion (ECF No. 301) and the Warden has filed a Reply in support (ECF No. 303).

The Grounds for Relief which the Warden seeks to have dismissed are as follows:

> XV.  The State of Ohio cannot constitutionally execute Turner because the only manner available under the law to execute him violates his Eighth Amendment rights.

> XVI.  The State of Ohio cannot constitutionally execute Michael Turner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.

> XVII.  DRC [Ohio Department of Rehabilitation and Corrections] cannot constitutionally execute Michael Turner because the only

> manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.
>
> XVIII. The State of Ohio cannot constitutionally execute Michael Turner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(Fourth Amended Petition, ECF No. 290, PageID 11554.)

The Warden relies on the recent Sixth Circuit decisions in *In re: Tibbetts,* 869 F.3d, 403 (6th Cir. 2017), and *In re: Campbell*, 874 F.3d 454 (6th Cir. 2017). *Campbell* was decided after the Motion was filed[1] and is more directly in point. The Magistrate Judge believes the Court should follow *Campbell* and grant Respondent's Motion for the following reasons.

In *Nelson v. Campbell,* 541 U.S. 637 (2004), the Supreme Court held that a method-of-execution constitutional claim could be brought in a § 1983 case, over the objection of a number of States that such claims could only be brought in habeas corpus. The Court adhered to that view two years later in *Hill v. McDonough,* 547 U.S. 573 (2006)**.** Shortly after *Nelson* was decided, death row inmates in Ohio initiated method of execution litigation in this Court under 42 U.S.C. § 1983 in *Cooey v. Taft*, Case No. 2:04-cv-1156. As consolidated with other inmates' claims, that case remains pending under the caption *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016 (the "Protocol Case".) The Protocol Case is very active litigation, having garnered 743 filings and three preliminary injunction hearings since Ohio announced its intention to resume executions on October 3, 2016. Michael Turner is a Plaintiff in the Protocol Case, represented by Allen Bohnert and Carol Wright of the Capital Habeas Unit of the Federal Public

---

[1] The Warden filed a Notice of Supplemental Authority with a copy of the slip opinion on October 26, 2017, the day after *Campbell* was decided (ECF No. 300).

Defenders Office for the Southern District and other experienced capital litigators.

Civil rights litigation provides a plaintiff with many advantages over habeas corpus. § 1983 cases enjoy the full scope of federal civil discovery, whereas discovery in habeas cases is only with court permission. In a civil rights case it is open to counsel to argue constitutional claims *de novo*, whereas habeas is a backward-looking remedy concerned with the validity of a judgment entered years earlier and judged by Supreme Court law as it stood when the state courts decided the case. Civil rights litigants are entitled to present evidence, both on preliminary injunction and at trial, whereas evidence-taking in habeas is constrained by 28 U.S.C. § 2254(e) and *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Nevertheless, for the past six years the death penalty petitioners' bar has been filing substantively parallel constitutional claims in both § 1983 and habeas corpus. This practice has been supported by decisions of the Sixth Circuit in the Stanley Adams capital habeas case from the Northern District of Ohio. In *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)(*Adams I*) , the court held that a lethal-injection-invalidity claim could be brought in habeas, inverting the holdings in *Nelson* and *Hill*. This Magistrate Judge and other judicial officers of this Court faithfully followed *Adams I* until the Supreme Court decided *Glossip v. Gross,* 135 S. Ct. 2726 (2015).

In *Glossip* the Supreme Court interpreted its earlier decision in *Hill* and wrote:

> We held [in *Hill*] that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. Id., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S. Ct. at 2738. This Magistrate Judge read *Glossip* as disapproving of what was permitted in *Adams I* and other judicial officers agreed. District Judge Frost put the matter most succinctly.

In *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), the Sixth Circuit held that method-of-execution challenges are cognizable in habeas corpus. This Court and other courts within this District have since relied on *Adams* in accepting the proposition that method-of-execution claims properly sound in habeas corpus. *Glossip* now undeniably upends that practice.

*Henderson v. Warden*, 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015).

However, the *Adams* case came back to the Sixth Circuit in 2016 and the *Adams* panel held the result in *Adams I* was not changed by *Glossip*. *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)(*Adams III* ), *cert. denied sub. nom. Adams v. Jenkins,* 137 S. Ct. 814, 196 L. Ed. 2d 60 (Jan. 17, 2017). After *Adams III*, this Court reversed course again and began allowing the pleading of lethal injection invalidity claims in habeas. For example, in the Decision and Order permitting the most recent amendments in this case, the undersigned wrote:

Petitioner asserts these proposed new claims are cognizable in habeas corpus under the Sixth Circuit's decision in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)(*Adams III*). The Warden disputes that claim, but this Court has found parallel claims in other capital habeas corpus cases to be cognizable under *Adams III*. See, e.g. *Smith v. Pineda,* 2017 U.S. Dist. LEXIS 50346, *1 (S.D. Ohio Apr. 3, 2017); *Tibbetts v. Warden*, 2017 U.S. Dist. LEXIS 51968 (S.D. Ohio Apr. 5, 2017); *Chinn v. Jenkins,* 2017 U.S. Dist. LEXIS 56019 (S.D. Ohio Apr. 12, 2017). Simple application of stare decisis requires finding the proposed new claims are cognizable.

(Decision and Order, ECF No. 288, PageID 11546-47.)

In *Campbell*, the Sixth Circuit analyzed *Adams III* , writing:

After *Glossip* was decided, the *Adams* case returned to this Court. *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016) (*Adams III*). *Adams III* came on appeal after our remand to the district court resulted in development of the facts. *Id*. at 309. The factual development revealed that Adams was protesting the "psychological toll" resulting from Ohio's recent changes to its

4

lethal-injection protocol—facts not presented in *Adams II*.[2] *Id*. at 320. We immediately responded to this revelation by holding that Adams "failed to present this claim to the state courts, nor did he raise it in his habeas petition." *Id*. This failure, as a matter of law, barred Adams from pursuing the claim in habeas. *Id*.; 28 U.S.C. § 2254(b); *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

Notwithstanding the procedural default, the panel proceeded to speculate in dicta about the viability of a psychological-torment claim. *Adams III*, 826 F.3d at 320. It ultimately found the claim unsupported by the substantive law. Even then, the panel proceeded to discuss—again in dicta—the holding of *Adams II* in light of *Glossip*. *Id*. at 321. It reiterated that "Adams's case is distinguishable from *Hill [v. McDonough*, 547 U.S. 573 (2006)] because Adams argues that lethal injection cannot be administered in a constitutional manner, and that his claim 'could render his death sentence effectively invalid.'" *Id*. at 321 (quoting *Hill*, 547 U.S. at 580). Therefore, "to the extent that [a petitioner] challenges the constitutionality of lethal injection in general and not a lethal injection protocol, his claim is cognizable in habeas." *Id*.

We think this dictum mischaracterizes both *Adams II* and *Glossip*. And, of course, dictum in a prior decision—as opposed to a holding—does not bind future panels, including this one. 6th Cir. R. 32.1(b); *United States v. Turner*, 602 F.3d 778, 785-86 (6th Cir. 2010) (explaining that statements which are "not necessary to the outcome" are not binding on later panels). The *Adams III* panel had already concluded that the petitioner's claim was both procedurally defaulted and forfeited. *Adams III*, 826 F.3d at 320. And although we may choose to excuse forfeiture in an exceptional case, we cannot ignore procedural default absent an express finding of cause and prejudice. *Wainwright*, 433 U.S. at 86-87. Thus, the statements "necessary" to the decision in *Adams III* ended when the panel acknowledged the default and forfeiture without any indication that an exception was present. *Adams III*, 826 F.3d at 320.

---

[2] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub. nom. Adams v. Jenkins*, 137 S. Ct. 814, 106 L. Ed. 2d 602 (2017). *Adams III* resulted from a motion to clarify *Adams II* .

> Thus, to the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip*'s holding directly addressed that question, it is binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive as a per se rule. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

2017 U.S. App. LEXIS 21094 at *13-15.

As this judge reads *Campbell*, it holds that *Glossip* means what it appeared to many judges of this Court to mean when it came down: lethal injection invalidity claims must be brought in a § 1983 case and not in habeas corpus.

The four Grounds for Relief sought to be dismissed are plainly lethal injection invalidity claims. Grounds 15, 16, and 17 assert Ohio can never constitutionally execute Michael Turner because of prohibitions in the Eighth and Fourteenth Amendments. Ground 18 relies on the fundamental defect theory of habeas corpus for violation of federal statutes recognized in *Reed v. Farley*, 512 U.S. 339 (1994). The teaching of *Campbell* is therefore that these claims must be dismissed as not cognizable in habeas, but without prejudice to their pursuit under § 1983, at least as to the constitutional claims.

Turner asserts *Campbell* should not be followed here, but that *Adams III* remains the controlling precedent (Response in Opp., ECF No. 301, PageID 11846-48). He relies first of all on *Davis v. Jenkins,* No. 2:10-cv-107, 2017 U.S. Dist. LEXIS 161152 (S.D. Ohio Oct. 2, 2017)(Sargus, Ch. J.). *Davis* found lethal injection invalidity claims remained cognizable in habeas despite *In re: Tibbetts*, 869 F.3d 403 (6th Cir. 2017). But *Davis* was decided three weeks before *Campbell* was handed down and could not take that decision into account.

The *Campbell* court dealt with *Adams III* by characterizing the language this Court had followed as dictum. Turner argues *Campbell* is not controlling because the language in *Glossip* on which it relies is also dictum (Response, ECF No. 301, PageID 11846-47). The undersigned has been reversed by the Sixth Circuit en banc for not taking seriously enough the language of *Glossip* – dictum or otherwise. *Fears v. Morgan (In re: Ohio Execution Protocol Litig.)*, 860 F.3d 881, (6th Cir. June 28, 2017)(en banc); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017)("neither, as the plaintiffs suggest, is *Glossip* irrelevant here. Quite the contrary: the Court's opinion contains plenty of reasoning that was not confined to the record there—and which therefore binds us just as much as the reasoning in any other opinion of the Supreme Court.") The *Campbell* majority held itself bound by the language in *Glossip* that Turner asserts is dictum, but that this Court followed assiduously in the interim between *Glossip* and *Adams III*. As a subordinate court, we also are bound by what the Sixth Circuit now says *Glossip* means.

Turner argues Campbell does not apply to his "fundamental defect" statutory claim[3] because *Glossip* dealt exclusively with Eighth Amendment claims (Response, ECF No. 301, PageID 11847). In *Bays v. Warden,* 2017 U.S. Dist. LEXIS 200400 (S.D. Ohio Dec. 6, 2017), the Magistrate Judge dealt with the same argument in another capital habeas case. Bays pleaded a claim which is a verbatim copy of Turner's Ground XVIII. Campbell had pled the same claim and the Sixth Circuit dismissed it without discussion.[4]

---

[3] In the body of his Response, Turner refers to this as his "Twenty-Eighth Ground for Relief," referring to ECF No. 290, PageID 11760. The Magistrate Judge assumes this is a typographical error since there are only eighteen grounds for relief in the Fourth Amended Petition and what appears at PageID 11760 is the eighteenth and last ground for relief.

[4] Perhaps because Campbell was handed down on October 25, 2017, in the shadow of Campbell's scheduled execution for November 15, 2017. As has been widely reported, that execution was halted in process by ODRC Director Gary Mohr.

In *Bays* the Magistrate Judge wrote that "[a]lthough Campbell only expressly addressed Eighth Amendment claims, its logic is fully applicable" to the statutory fundamental defect claim. 2017 U.S. Dist. LEXIS 200400 at *22. The *Campbell* court wrote:

> [T]he *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.
>
> A review of fundamental habeas and § 1983 principles confirms that this is the correct view of the law. Only when a serious error infects the very fact of a death sentence can the writ grant relief. *See Heck*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383; *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017). This principle arises because habeas relief does not exist to ferret out every constitutional violation, or even to directly prohibit the government from breaking the law; instead, it exists to relieve the *prisoner* of an unlawful sentence. *See, e.g., Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *Gall v. Scroggy*, 603 F.3d 346, 353 (6th Cir. 2010). To that end, the writ necessarily "provides the petitioner the right to relief from *all* direct and collateral consequences of the unconstitutional [sentence]." *Gall*, 603 F.3d at 353 (emphasis added). Thus, if a petitioner's legal theory would not *inherently* require the nullification of his death sentence, he has no business proceeding in a habeas court. The Great Writ is not concerned with the piecemeal reformation of an imperfect criminal justice system.
>
> In contrast, § 1983 is engineered to accomplish this lofty goal. The statute empowers a court to enjoin, "in equity," "the deprivation of *any* rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (emphasis added). When properly invoked, the statute can be used to compel the government to recognize that even the guilty have rights, and that even a conviction or death sentence does not deprive a person of their humanity. *See, e.g., Baze*, 553 U.S. at 52; *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985); *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d

251 (1976). Indeed, Ohio death-row inmates—including Campbell—are currently litigating the constitutionality of the protocol in a § 1983 action, seeking a declaration that Ohio's execution protocol is torturously painful. *See In re Ohio Execution Protocol Litig.*, No. 2:11-cv-1016 (S.D. Ohio). In fact, Campbell's motion for a preliminary injunction to stay execution is set for hearing this very week. Ultimately, this is the relief that all method-of-execution claims seek: an order directed at state officials, declaring that the state's ends do not justify its means, and requiring the state to find another, less cruel way to enforce a judgment of death against the prisoner.

2017 U.S. App. LEXIS 21094, *11-13[5].

Turner also asserts this Court should give "little, if any, precedential weight" to *Campbell* or *Tibbetts* because they were before the Sixth Circuit on transfer orders from this Court for a determination under 28 U.S.C. § 2244(b) of whether, being second-or-successive habeas applications, they could proceed. While that correctly describes the procedural posture of *Campbell*, the Sixth Circuit did not limit itself to deciding the § 2244(b) question but found, in part, that Campbell could not proceed because his transferred petition did not state a claim cognizable in habeas.

Turner also cites a number of out-of-circuit § 2244(b) decisions which he says weigh against giving precedential weight to *Campbell*. For the reasons given at length in *Bays, supra,* these decisions do not support that position. See *Bays v. Warden*, 2017 U.S. Dist. LEXIS 200400 at *12-14.

Turner also argues *Campbell* should be given limited precedential weight because it was decided "without the benefit of full briefing or oral argument regarding the actual merits of the . . .case[s]." (Response, ECF No. 301, PageID 11850.) *Campbell* was before the Sixth Circuit on a

---

[5] Although Campbell is designated for publication, the page citations for the published opinion are not yet available.

motion to remand[6] claiming this Court erred in finding the petition second-or-successive. Even if the Sixth Circuit had found the lethal injection invalidity claims cognizable in habeas and either that the petition was not second or successive or that it could proceed regardless, there would not have been a circuit court decision on the "merits" of Turner's claims until after this Court had entered judgment. The Sixth Circuit thoroughly considered the cognizability issue, which is not the same as a merits decision.

**Conclusion**

This Court should follow *Campbell* and dismiss Grounds for Relief XV, XVI, XVII, and XVIII without prejudice to their consideration in *In re: Lethal Injection Protocol Litig.*, Case No. 2:11-cv-1016.

December 8, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

---

[6] Filed by the same attorney who is lead counsel for Turner, Assistant Federal Public Defender David Stebbins.

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).