**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

MICHAEL R. TURNER,

:

    Petitioner,                                 Case No. 2:07-cv-595

:           District Judge Timothy S. Black
    -vs-                                    Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

:

    Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

---

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss Turner's lethal injection invalidity claims for lack of cognizability in habeas corpus (ECF No. 298). The Magistrate Judge recommended granting the Motion (Report, ECF No. 304), Turner objected (ECF No. 305), the Warden responded to those Objections (ECF No. 306), and District Judge Black has recommitted the matter for a supplemental report (ECF No. 307).

The Magistrate Judge previously allowed the four claims for relief in question (Grounds XV, XVI, XVII, and XVIII) to be pleaded on the authority of *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)("*Adams III*"). The Report concludes that lethal injection invalidity claims are no longer cognizable in habeas because of the October decision in *In re: Campbell*, 874 F.3d 454 (6th Cir. 2017).

1

*Adams III* is a published opinion as is *Campbell*. Turner cites the well-established rule that a panel of the 6th Circuit cannot overrule the holding of a prior panel. But that is not what the Campbell court purported to do. Instead, it characterized the lethal injection cognizability language in *Adams III* (which this Court had been following) as dictum inconsistent with the Supreme Court's decision in *Glossip v. Gross,* 135 S.Ct. 2726 (2015). Only holdings from prior published decisions are binding precedent. If a later panel characterizes what a prior panel did as dictum, are the trial courts to ignore that? The Supreme Court, which clearly has the authority to settle the matter, declined certiorari in both *Adams III* and *Campbell*. *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), *cert. denied sub. nom. Adams v. Jenkins,* 137 S.Ct. 814, 196 L. Ed. 2d 60 (Jan. 17, 2017); *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 2017 WL 5194679, 199 L. Ed. 2d 350 (2017).

If the law is "unsettled," then the District Court is free to do what it thinks makes the best sense of the law. If we are free, then we should allocate attacks on methods of execution to § 1983 litigation. Allowing the same substantive constitutional claim to be made in both habeas and § 1983 in litigation pending by the same death row inmate at the same time simply makes no sense. It complicates judicial management of the cases and provides no different ultimate relief to the inmate. Of course, as an interim result, it delays cases by complicating them, and capital litigants have a well-recognized motive for delay.

Aside from his constitutional claims made in Grounds XV, XVI, and XVII, Turner makes a "fundamental defect" statutory claim in Ground XVIII. Turner asserts *Campbell* should not be followed as to that claim because *Campbell* relies on *Glossip* and that case considered only Eighth Amendment claims (Objections, ECF No. 305, PageID 11888-89). Although *Campbell*

2

does not expressly discuss this statutory claim, *Campbell* made the same claim in his Petition and the Sixth Circuit dismissed it on the same basis as the constitutional claim, to wit, that method of execution claims are not cognizable in habeas.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again respectfully recommends that the Motion to Dismiss be granted. This dismissal should, of course, be without prejudice to Turner's pursuit of the same substantive constitutional claims in *In re Lethal Injecvtion Protocol Litigation*, Case No. 2:11-cv-1016.

December 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).