# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MICHAEL R. TURNER,

                                     :

         Petitioner,                   Case No. 2:07-cv-595

                                     :         District Judge Timothy S. Black

    -vs-                                    Magistrate Judge Michael R. Merz

STUART HUDSON, Warden,

                                     :

         Respondent.

---

## ORDER WITHDRAWING PRIOR REPORTS AND RECOMMENDATIONS; REPORT AND RECOMMENDATIONS ON MOOTNESS

---

This capital habeas corpus case is before the Court on Petitioner's Notice of Intent to File a Motion to Amend (ECF No. 325), Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 326), the Magistrate Judge's Order to Show Cause (ECF No. 328), Respondent's Response to the Order to Show Cause (ECF No. 329), and Petitioner's Response to the Order to Show Cause (ECF No. 331).

Both parties advised the Court that the capital judgment which formed the original jurisdictional basis for this case has been vacated.[1] Petitioner has, at his request, been re-sentenced to imprisonment for life without the possibility of parole by the Franklin County Court of Common

---

[1] "Turner's death sentences are void pursuant to R.C. 2953.2l(H) and the Court vacates his death sentences with prejudice." (Post-Conviction Findings and Fact and Conclusions of Law. ECF No. 326-1, PageID 12052).

1

Pleas[2]. These fact render moot the Magistrate Judge's Report and Recommendations (ECF No. 304) and Supplemental Report and Recommendations (ECF No. 308) and they are hereby WITHDRAWN.

Vacation of the capital sentence and the judgment embodying that sentence renders this case moot and it is respectfully recommended that it be dismissed without prejudice on that basis.

As a conceptual matter, the Magistrate Judge disagrees with Respondent's position that vacation of the capital judgment deprives this Court of subject matter jurisdiction. Authority to adjudicate habeas corpus cases is conferred by 28 U.S.C. § 2241[3] and the vacation of sentence has not deprived this Court of that authority. However, a federal court cannot adjudicate moot cases and this case is now moot. *Maleng v. Cook*, 490 U.S. 488 (1989).

For all of the case management and public accountability reasons suggested in the Order to Show Cause, any habeas corpus challenge to Petitioner's new conviction should be made under a new case number. Capital habeas cases have been assigned in rotation among all the District Judges just as school desegregation cases were in the 1970's. Non-capital habeas cases, however, are always assigned to a District Judge at the seat of court serving the county of conviction, which is the basis of intra-district venue. From 2000 almost all Western and many Eastern Division habeas capital cases were referred to the undersigned, whereas since February 2022 all non-capital habeas cases are referred randomly to any Magistrate Judge in the District without regard to city of residence. Capital and non-capital law clerk resources are also differentially allocated.

The Magistrate Judge appreciates Petitioner's concerns about continuity of counsel and

---

2 Sentencing Entry, ECF No. 326-1, PageID 12055-59.
3 Petitioner states our subject matter jurisdiction is provided by 28 U.S.C. § 2254, but that is the statute which controls our exercise of subject matter jurisdiction in habeas cases involving state court judgments.

nothing in this filing should be read to imply the necessity of a change of counsel.  In particular, any possible ineffective assistance of counsel potential conflicts can be dealt with if they arise.  If a new case is filed challenging the new judgment, the Court will have to, as a formal matter, consider appointment of counsel but would favor continuity if it can be achieved.

February 1, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

Copy:  Kim Hoffman, Supervisory Law Clerk