IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL R. TURNER,**

    **Petitioner,**

v.                                        Case No. 2:07-cv-595
                                               Judge Timothy S. Black
**STUART HUDSON, Warden,**              Magistrate Judge Michael R. Merz

    **Respondent.**

## OPINION AND ORDER

Petitioner Michael Turner was a prisoner sentenced to death by the State of Ohio who has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. On October 30, 2023, the judgment of conviction and death against Turner was vacated and replaced with a new judgment reinstating Turner's guilty pleas to aggravated murder and sentencing him to life imprisonment with the possibility of parole. (ECF No. 325-2.) This matter is before the Court upon the following pleadings and orders:

- ECF No. 325 -- Turner's Notice of Intent to Move to File Amended Petition;

- ECF No. 330 -- Warden's Motion to Dismiss for Lack of Subject Matter Jurisdiction;[1]

- ECF No. 328 – Order to Show Cause;

- ECF No. 329 – Warden's Response to Doc. 328 Order to Show Cause;

- ECF No. 331 – Turner's Response to Order to Show Cause;

---

[1] ECF No. 330 replaces ECF No. 326, which did not comply with S.D. Ohio Civ. 5.1(c) because one or more of the attached PDFs were not text searchable.

- ECF No. 332 – Order Withdrawing Prior Reports and Recommendations; Report and Recommendations on Mootness;

- ECF No. 333 – Turner's Objections to the Magistrate Judge's Order Withdrawing Prior Reports and Recommendations; Report and Recommendations on Mootness; and

- ECF No. 334 – Warden's Reply to Turner's Objections to the Doc. 332 Report and Recommendations.

For the reasons that follow, the Court **OVERRULES** Turner's ECF No. 333 Objections; **ADOPTS** the ECF No. 332 Report and Recommendations (to the extent that it recommends dismissal without prejudice); **DENIES** the Warden's ECF No. 330 Motion to Dismiss **as moot**; and **DISMISSES** the instant Petition **without prejudice**.

## I. OVERVIEW

When Turner commenced this habeas corpus action in 2007, he was under sentence of death pursuant to a 2003 judgment issued by the Franklin County Court of Common Pleas in Case Number 01CR3615. (ECF No. 200-6, at PageID 6623.) While this matter was pending before the Court for consideration of objections (ECF Nos. 305 and 311) to the Magistrate Judge's Reports and Recommendations (ECF Nos. 304 and 308) recommending the dismissal of Turner's claims challenging the constitutionality of the manner in which Ohio conducts lethal injection executions ("lethal injection claims"), the state trial court on August 7, 2023, vacated Turner's death sentences with prejudice under Ohio's new Serious Mental Illness statute. (ECF No. 325-1, at PageID 1991-94 (citing Ohio Rev. Code § 2929.025).) On October 30, 2023, following a resentencing hearing conducted a week earlier, a three-judge panel, with the agreement of the prosecutor and Turner's defense counsel, issued a new judgment sentencing Turner to life imprisonment without the possibility of parole ("LWOP"). (ECF No. 325-2, at

2

PageID 1998.) The question before the Court is how to proceed on any surviving claims that Turner may still wish to pursue against his judgment of conviction.

Turner's position is that he should be permitted leave to file an amended petition in the instant case. To that end, on December 20, 2023, he filed a Notice of Intent to Move to File an Amended Petition (ECF No. 325), indicating that he needs time to evaluate which claims should proceed and that he will seek leave to amend his petition within 120 days. (*Id*. at PageID 11978-79.) In so doing, Turner acknowledges that his request "reflect[s] Turner's *new* judgment entry filed October 30, 2023," and that "his 2002 state court judgment [is] now no longer in force." (ECF No. 325, at PageID 11976, 11978 (emphasis added).)

The Warden takes a different view and has moved the Court to dismiss the instant petition for lack of subject matter jurisdiction. (ECF No. 330.) The Warden asserts that Turner "is not forbidden from filing a new habeas petition attacking the new judgment under which he is being held in custody." (ECF No. 330, at PageID 12073.)

Concluding that "[i]nstead of an amended petition under the above case number, it appears most appropriate for Petitioner, should he choose to challenge his new judgment, to do so in a new petition," the Magistrate Judge on January 3, 2024, ordered Turner to show cause why any habeas corpus attack on his new judgment should not be required to be made in a new case. (ECF No. 328, at PageID 12061-62.) Both the Warden (ECF No. 329) and Turner (ECF No. 331) filed responses reiterating their respective positions.

On February 1, 2024, the Magistrate Judge issued an Order withdrawing his prior reports and recommendations addressing the cognizability of Turner's lethal injection claims, and a Report and Recommendations recommending that the instant case be dismissed without

3

prejudice as moot. (ECF No. 332.) Turner timely filed objections on February 13, 2024 (ECF No. 333), to which the Warden responded on February 27, 2024 (ECF No. 334).

This matter is now ripe for decision.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), the District Court may refer dispositive motions, including motions for post-conviction relief, to a United States Magistrate Judge. Upon such reference, the Magistrate Judge must submit a Report and Recommendation, providing a recommended disposition of the motion, as well as proposed findings of fact. *Id.*; Fed. R. Civ. P. 72(b). Within fourteen days of service of a Magistrate Judge's Report and Recommendation, the parties may serve and file specific written objections to the Report and Recommendation, for the District Judge's consideration. *Id*.

If objections are filed, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to … [and] may accept, reject, or modify the recommended disposition…." Fed. R. Civ. P. 72(b)(3). Thus, the District Judge is not required to review *de novo* every issue raised in the original motion or habeas petition, but only those matters from the Report and Recommendation that received proper objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## III. ANALYSIS

Turner's first objection is that his "pending 2007 petition for Writ of Habeas Corpus challenging his 2003 <u>conviction</u> for aggravated murder is not moot." (Objections, ECF No. 333, at PageID 12143 (emphasis added).) Turner asserts that "the 'test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" (*Id*., at

4

PageID 12147 (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)).) Turner reasons that because the primary remedy that he seeks on his remaining claims—namely to be discharged from his unconstitutional confinement—is one that this Court is *still* able to provide in the *current* case, the instant petition is not moot. (*Id*. at PageID 12147.) Turner argues that the only case cited by the Magistrate Judge, *Maleng v. Cook*, 490 U.S. 488, 492 (1989), involved the habeas corpus "in custody" requirement and not mootness, which is not at issue herein since Turner is in custody pursuant to an unexpired sentence of life imprisonment without possibility of parole. (*Id*., at PageID 12147-48.)

Turner's focus on the undisturbed conviction component of the state court judgment pursuant to which he is in custody is inconsistent with caselaw which defines when a second-in-time petition is not a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A). *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), is instructive. There, the United States Court of Appeals for the Sixth Circuit held that a second-in-time habeas petition, filed after the petitioner received a partially new sentence that added post-release control (but otherwise left the *conviction* undisturbed), was not a second or successive petition. As the Sixth Circuit explained:

> "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937); *see Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). The sentence that matters in a habeas case, *Magwood* [*v. Patterson*, 561 U.S. 320 (2010)] tells us, is the one "pursuant to" which an individual is held "in custody." 561 U.S. at 332, 130 S.Ct. 2788 (quotation omitted); *see* 28 U.S.C. § 2254(a), (b)(1).
>
> \*\*\*
>
> Before his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the

5

> judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life *plus* five years of post-release control. (citation omitted). Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count.

*In re Stansell*, 828 F.3d 412, 416-17 (6th Cir. 2016) (discussing *Magwood*, 561 U.S. at 331). The Sixth Circuit concluded "Stansell's revised custodial sentence 'capture[s]' his newly imposed period of post-release control, along with his 'reinstate[d]' term of imprisonment and his underlying conviction. *Id*. That means it is a new judgment, which reopens challenges to any aspect of that judgment, whether related to the conviction, the sentence, or both." *Id*. at 417 (quoting *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015)).

Turner, like Stansell, King, and Magwood, received a new *sentence*, while his original *conviction* was left undisturbed. The courts in those three cases concluded that the new sentence, combined with the undisturbed conviction, resulted in a new judgment pursuant to which the petitioners were "in custody." That reasoning undermines Turner's suggestion that he is "in custody," for purposes of habeas corpus jurisdiction, pursuant to the undisturbed 2003 *conviction*, as opposed to the 2023 *judgment* consisting of that conviction and a new sentence of LWOP.

With respect to Turner's argument that the imposition of LWOP has no effect on the underlying conviction of aggravated murder or the habeas claims arising out of those findings of guilt, (Objections, ECF No. 333, at PageID 12149), Turner asserts that "[i]n other like circumstances, federal courts have held that 'the appropriate course would have been to seek amendment of his habeas complaint' after resentencing to reflect the new sentencing judgment." (ECF No. 333, at PageID 12149 (quoting *Pruitt v. Wilson*, No. 1:06-cv-3048, 2008 WL 5378341, at \*12 (N.D. Ohio Dec. 19, 2008)).) But that case, addressing the effect of *Hurst v. Florida*, 577

6

U.S. 92 (2016), on Ohio's capital sentencing scheme, and the other non-*Hurst* cases cited by Turner, merely state that amendment was an option that the respective petitioners never pursued, thereby rendering moot their claims challenging their older/vacated sentences.  Similarly, the *Hurst*-based cases cited by Turner support that amendment was permissible following resentencing that occurred during the pendency of habeas corpus proceedings.  The cases did not consider whether filing a new petition was required or warranted, and thus did not, strictly speaking, find that an amended petition was more appropriate than a new petition.  Moreover, the *Pruitt* and *DeDonno* cases relied upon by Turner for the "appropriateness" of filing an amended petition rather than a new petition in a new case actually found the "mootness" that Turner argues is not present in the instant case.

      The Court need not decide whether Turner's instant petition is "moot," because even if a new petition is not required, it is certainly permitted, which Turner acknowledges.  (Turner's Response, ECF No. 331, at PageID 12127 "While a habeas petitioner *may* file a new petition after resentencing, the Warden has not provided this Court with any support for the proposition that a petitioner is *required* to move to dismiss their petition and refile.")  This means that it is a matter of the Court's preference.  And for several reasons discussed more fully below in response to Turner's second objection, it is the preference of this Court that Turner file a new petition in a new case.[2]

---

[2]  The Court agrees with Turner's assertion that (1) the Magistrate Judge does not appear to recommend dismissal based on concerns about naming the proper respondent warden; that (2) the Magistrate Judge does not appear to recommend dismissal based on the Warden's arguments that the Court is without subject matter jurisdiction or that Rule 2(e) of the Rules Governing § 2254 Cases requires Turner to file  new petition rather than an amended petition; (3) and that the Magistrate Judge appears to have dropped any concern about speculative conflicts of interest requiring current counsel to be replaced. (Objections, ECF No. 333, at PageID 12148, n.4.  That

In his second objection, Turner argues that the only other justification for dismissal, "case management and public accountability reasons," does not justify dismissing the instant petition. (Objections, ECF No. 333, at PageID 12149-51.)  The Court disagrees.

Where requiring the filing of a new petition is neither compelled nor prohibited, "case management and public accountability concerns" strike this Court as valid issues to consider when determining whether to permit the filing of an amended petition in the existing case or require the filing of a new petition in a new case.  With respect to case management, in addition to reporting requirements attendant to the Civil Justice Reform Act, the docket in this 16-year-old case contains over 300 entries, many of which will have nothing to do with the undisturbed claims that Turner may seek to pursue.  The filing of an amended petition in the existing case would only compound this morass of a docket.  Further, because this is no longer a capital habeas corpus case, the "Nature of Suit" that is assigned when a case is filed must change from the 535 assigned to capital habeas cases to the 530 assigned to general habeas cases, which has national reporting and funding implications for federal courts.  Thus, these concerns amount to more than a matter of bookkeeping and would be redressed by the filing of a new petition in a new case.

Turner asserts that filing a new petition raising the same claims challenging the 2003 judgment would be "unnecessary and a waste of limited judicial resources."  (Turner's Response, ECF No. 331, at PageID 12126; see also Turner's Objections, ECF No. New 333, at PageID 12143 and 12151.)  But Turner does not explain, and it is not readily apparent to the Court, how

---

being so, Turner does not raise, and the Court need not address, any objections to those previously stated reasons for dismissal.

filing a new petition raising claims challenging his conviction would be more demanding than filing an amended petition raising the same claims.

Turner also suggests that judicial economy would be served by continuing with an amended petition in the existing case because the Magistrate Judge has presided over Turner's case for fifteen years, and the District Judge for twelve years. (Objections, ECF No. 333, at PageID 12150.) But Turner acknowledges that, under S.D. Ohio Crim. R. 41.1, absent intervention by the Chief District Judge, any new case would be assigned to the same Magistrate Judge and District Judge. (*Id*., at PageID 12149-50.) Thus, Turner's "judicial economy" argument does not favor the filing of an amended petition over the filing of a new petition in a new case.

Another argument advanced by Turner for allowing him to file an amended petition, rather than a new petition under a new case number, is continuity of counsel. (Objections, ECF No. 333, at PageID 12151.) Turner points out that attorney Stebbins has represented Turner in this matter for fifteen years, and that even if discretionary appointment is granted, replacement counsel would need significant time to get up to speed on this decades-old case. (*Id*.) The status of counsel's appointment is one of the most compelling reasons why the Court *favors* requiring Turner to file a new petition under a new case number. The Court appreciates the benefits of retaining current counsel on this case. And while the Court cannot indicate how it would rule on a request not yet before it, this Court agrees with the Magistrate Judge's inclination to "favor continuity if it can be achieved." (Report and Recommendations, ECF No. 332, at PageID 12140.). But it would be improper to maintain counsel's appointment under a statute, 18 U.S.C. § 3599(a)(2), that *entitles* prisoners challenging a death sentence to the appointment of one or

9

more attorneys, because Turner is no longer such a prisoner.

Everyone agrees that Turner will face no impediments from the habeas corpus second-of-successive petition requirements or the habeas corpus statute of limitations, since the new 2023 state court judgment resets those matters. (Warden's Motion to Dismiss, ECF No. 330, at PageID 12073-74; Turner's Response, ECF No. 331, at PageID 12129; Order to Show Cause, ECF No. 328, at PageID 12061.) Turner nonetheless asserts that these resets do not compel the Court to close this case and open a new case. (Objections, ECF No. 333, at PageID 12148.) But this Court has already determined that while dismissing this case and requiring Turner to file a new petition is not compelled, neither is it prohibited. And Turner's "resets" argument does not speak to the advantages or disadvantages of this approach.

Because requiring the filing of a new petition under the instant circumstances is neither required nor forbidden, and because the Court agrees that the instant case can and should be dismissed without prejudice, the Court overrules Turner's objections to the Magistrate Judge's Report and Recommendations recommending that the instant case be dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Turner's ECF No. 333 Objections; **ADOPTS** the ECF No. 332 Report and Recommendations (to the extent that it recommends dismissal without prejudice); **DENIES** the Warden's ECF No. 298 Motion to Dismiss the Lethal Injection Claims **and** the Warden's ECF No. 326 Motion to Dismiss for Lack of Subject Matter Jurisdiction (replaced by ECF No. 330) **as moot**; and **DISMISSES** the instant Petition **without prejudice**.

  **IT IS SO ORDERED.**

                *s/Timothy S. Black*
                **TIMOTHY S. BLACK**
                **UNITED STATES DISTRICT JUDGE**